(September 13, 1882.)

## PEOPLE v. MOONEY.

[2 Pac. 876.]

HOMICIDE UNDER STATUTE—DEGREE OF CRIME—INSTRUCTIONS.—
Upon a trial for murder an instruction to the effect that the
defendant is guilty of murder in the first degree if the jury be-
lieve from the evidence, beyond a reasonable doubt, that the
deceased was killed by defendant while defendant was attempting
to commit a robbery, is correct under a statute which makes such
offense murder in the first degree.

APPEAL—RECORD ON APPEAL—PRESUMPTIONS—INSTRUCTIONS.—Upon
an appeal from a judgment of conviction in a criminal case, in
the absence of the evidence, the instructions will be presumed
correct, if, under any possible state of the evidence, the instruc-
tion was authorized.

APPEAL from District Court, Oneida County.   Affirmed.

H. M. Bennett, for Appellant.

W. A. Crawford, District Attorney, for the People.

No briefs were filed in this case.

PRICKETT, J.—At the November term of the district court
of the third judicial district, held in and for the county of
Oneida, A. D. 1881, the defendant was indicted for the crime of
murder; and, upon a trial, was convicted of murder in the first
degree, and thereupon judgment of death was pronounced
against him.   From that judgment the defendant has appealed
to this court, and the case has been submitted upon briefs, with-
out oral argument.   There is no evidence or bill of exceptions
in the record, nor is there any assignment of errors on file.   We
are therefore left to an examination of the record, viz., the in-
dictment, the instructions of the district court to the jury, and
the judgment; and if there be no error apparent upon their face,
the judgment must be affirmed.   The indictment seems, upon
inspection, to be perfect, and no objection is urged to the judg-
ment, but from the tenor of the appellant's brief we conclude
that he objects to the following instruction given by the court
to the jury, to wit: "If the jury believe from the evidence, beyond
a reasonable doubt, that this defendant killed Joel Hinkley, and

that such killing was perpetrated while the defendant, either by himself or with another person, was attempting to commit a robbery, then they may find the defendant guilty of murder in the first degree." There being no evidence in the record, upon the familiar principle that he who alleges error must show it, if the instruction was correct under any possible state of the evidence, it must be sustained.

The statutes of this territory (section 21 of the act concerning crimes and punishments) provide that involuntary manslaughter shall consist in the killing of a human being, without any intent to do so, in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner, provided that when such involuntary killing shall happen in the commission of an unlawful act which in its consequences naturally tends to destroy life, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder. Section 17 of the same act provides that all murder which shall be committed in the perpetration or attempt to perpetrate robbery shall be deemed murder of the first degree

Thus it will be seen that section 21 makes the unintentional killing of a human being committed in the prosecution of a felonious intent, murder, and section 17 makes it murder in the first degree, if the intent was to commit the felony of robbery, and some others therein enumerated. Under the statute, then, the instruction was proper; indeed, the court might have instructed the jury, under the circumstances stated, not only that they might find the defendant guilty of murder in the first degree, but that such was their duty. It is competent for the legislature to prescribe what felonious homicides shall be deemed murder, and to define the degrees. It is the policy of the law to hold persons engaged in felonies, or attempts to commit felonies, responsible for all the consequences of their felonious acts, whether such consequences were definitely intended or not; the intent to commit a felony standing in the place of the malice in ordinary cases of murder. It follows that the instruction given being correct in law, those asked by the defendant's counsel, upon the view that the killing, in order to constitute murder, must have been intentional, were incorrect, and were properly refused.

There being no error either in the giving or refusal to give instructions, the judgment of the court below must be affirmed, and it is accordingly hereby affirmed.

The cause is remanded to the district court, with directions to fix anew the time for executing its judgment.

Morgan, C. J., and Buck, J., concurring.