(January 31, 1900.)

## STATE v. WATKINS.

[59 Pac. 1106.]

CRIMINAL LAW—AMENDING RECORD AFTER JUDGMENT.—Where the record of the trial of a defendant for a felony shows the presence of the defendant at arraignment, during the trial, and at the pronouncing of sentence, but, through inadvertence of the clerk, fails to show defendant's presence at the receiving of the verdict, the correction of the record after judgment and appeal, so as to make the same accord with the fact, by the district court, *held*, not error.

INSTRUCTIONS—PREJUDICIAL ERROR—PRESUMPTIONS.—Where none of the evidence upon the trial appears in the record, an instruction that might, in certain conditions of the evidence, be considered erroneous, this court will not presume the evidence in the case to have been of such a character as to make the giving of such instruction prejudicial error.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

N. M. Ruick, for Appellant.

The instruction referred to in the second specification of error and excepted to by the defendant, is as follows: "The rule requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that the jury should be satisfied beyond reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt; it is sufficient if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the defendant is guilty." We think the giving of the foregoing instruction was error. It is taken bodily from Sackett's Instructions to Juries, section 34, page 647, and four cases are there cited in support of it. Upon examination of these cases it will be found that the two first cited, viz.; *Houser v. State,* 58 Ga. 78, and *Jarrell v. State,* 58 Ind. 293, do not sustain the principle embodied in this instruction, while *State v. Hayden,* 45 Iowa, 11, and *Bressler*

*v. People,* 117 Ill. 422, 8 N. E. 62, do sustain the instruction given in this case. We maintain, however, that this instruction is both wrong in principle and opposed to the weight of authority. The supreme court of California holds, directly, the "each independent fact and circumstance necessary to constitute the chain must be proved beyond a reasonable doubt." (*People v. Phipps,* 39 Cal. 326, 333; *People v. Ah. Chung,* 54 Cal. 398, 402.) Both at common law and by statute a defendant charged with a felony must be present at the trial and at the rendition of the verdict. Whenever the presence of the defendant is required, the record must show it. Unless the record so shows, the judgment will be set aside and a new trial ordered. Presence of defendant necessary at the trial. (Idaho Rev. Stats., sec. 7782; Bishop's Criminal Procedure, 3d ed., sec. 273, and cases cited in note; Wharton's Criminal Law, sec. 1353.) General rule is that defendant's presence is indispensable. (*Warren v. State,* 68 Am. Dec. 222, note "B"; Bishop's Criminal Procedure, 3d ed., 265, 273.) Presence of defendant necessary at the rendition of the verdict. (Idaho Rev. Stats., sec. 7916; *French v. State,* 85 Wis. 400, 39 Am. St. Rep. 855, 55 N. W. 566, 21 L. R. A. 402; Bishop's Criminal Procedure, 3d ed., sec. 273; *Warren v. State* (1857), 19 Ark. 214, 68 Am. Dec. 220, and note.) It is still universally required that he (the prisoner) must be personally present when the verdict is rendered. (*State v. Outs,* 30 La. Ann. 1156; *Slocovitch v. State,* 46 Ala. 227.) Necessity of personal presence being shown in the record, the presence of the prisoner is essential, and where the law requires it the record must show it. (1 Bishop's Criminal Procedure, 3d ed., secs. 1347, 1353, 1359; *French v. State,* 85 Wis. 400, 408, 39 Am. St. Rep. 855, 55 N. W. 566, 21 L. R. A. 402; *Stubbs v. State,* 49 Miss. 716, 722; Wharton's Criminal Law, sec. 2999; *Younger v. State,* 2 W. Va. 579, 98 Am. Dec. 791, 792, 798; *State v. Connors,* 20 W. Va. 6; *Warren v. State,* 68 Am. Dec. 227, note; *State v. Barnes,* 59 Mo. 154, and cases cited; *Lewis v. United States,* 146 U. S. 370, 13 Sup. Ct. Rep. 136.) Presumptions are not to be indulged. (*Dunn v. Commonwealth,* 6 Pa. St. 387, 388, 389; *Eliza v. State,* 39 Ala. 693; *Dougherty v. Commonwealth,*

69 Pa. St. 286, 294; *Stubbs v. State,* 49 Miss. 716; *Dyson v. State,* 26 Miss. 362.) The record cannot be contradicted, altered or amended so as to show the presence of the defendant. (*Le Roy v. Territory,* 3 Okla. 596, 41 Pac. 612; *Shelp v. United States,* 81 Fed. 694, 26 C. C. A. (9th Cir.) 570, 576; *Barker v. State,* 54 Neb. 53, 74 N. W. 427.)

Samuel H. Hays, Attorney General, for the State.

The rule requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, in order to warrant a conviction does not require that the jury should be satisfied beyond reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt; it is sufficient, if taking the testimony together, the jury is satisfied beyond a reasonable doubt that the defendant is guilty. It is well settled that error will not be presumed, but must be affirmatively shown. (*State v. Preston,* 4 Idaho, 215, 38 Pac. 694.) The presumption is that the instructions were given by the court on its own motion. (*State v. Hurst,* 4 Idaho, 345, 39 Pac. 554.) The instruction in question, in connection with the other instructions in the case, is not erroneous. (19 Am. & Eng. Ency. of Law, 1079; *Weaver v. People,* 132 Ill. 536 (542), 24 N. E. 571; *Morgan v. State,* 51 Neb. 672, 71 N. W. 788 (795); *State v. Roberts,* 15 Or. 187, 13 Pac. 896; *Hauk v. State,* 148 Ind. 238 (254), 46 N. E. 127, 47 N. E. 465; *State v. Crane,* 110 N. C. 536, 15 S. E. 231; *Murphy v. State,* 108 Ala. 10, 18 South. 557.) A record in a criminal case may be amended *nunc pro tunc,* after the term at which the judgment was entered, where the amendment is proposed for the purpose of correcting a clerical error, so that the record may conform to the true facts. In support of this contention we cite: *Hoffman v. State,* 88 Wis. 166, 59 N. W. 588; *In re Wright,* 134 U. S. 136, 10 Sup. Ct. Rep. 487; *McNamara v. State,* 60 Ark. 400, 30 S. W. 762; *State v. Perry,* 51 La. Ann. 1074, 25 South. 944; *Smith v. State,* 71 Ind. 250; *May v. People,* 92 Ill. 343; *Holman v. State,* 79 Ga. 155; *People v. McNulty,* 93 Cal. 444, 26 Pac. 597, 29 Pac. 61.

HUSTON, C. J.—This case comes to this court upon two appeals arising under the following circumstances: The defendant was convicted of murder in the second degree, and sentenced to twenty years' confinement in the state penitentiary. From this judgment and sentence he appealed to this court. Pending this appeal a motion was made in the district court to amend the record in this particular. The record failed to show the presence of the defendant when the verdict of the jury was received. The motion was allowed by the district court, and the record was amended to accord with the fact. From this action of the district court an appeal was taken, and it is to this appeal we will first give consideration. Section 7916 of the Revised Statutes of Idaho is as follows: "If indicted for a felony, the defendant must, before the verdict is received, appear in person. If for a misdemeanor, the verdict may be rendered in his absence." It is clear from this provision of the statute that in cases of felony the defendant must be present at the rendition of the verdict, and we think the record should show this fact. The question we are called upon first to consider is, Was the action of the district court in ordering a correction of the record erroneous? Counsel for appellant argues ably and ingeniously against the correctness of this action of the district court. But a careful examination of the authorities cited satisfies us that the consensus of the more recent decisions is against this contention. In *Re Wight,* 134 U. S. 136, 10 Sup. Ct. Rep. 487, 33 L. ed. 865, this question is fully considered, and the right of the trial court to correct its records so as to make the same conformable to the fact is directly upheld. But counsel for the appellant contends that the authorities cited by the court in *Re Wight* do not sustain the decision reached by the court. We are not in accord with this view. The facts in *Re Wight* were that, after a conviction had in the district court, the judge of said court made an order remitting the case to the circuit court of the United States, and the said court remanded the same to the district court. In the meantime the district court had entered judgment and sentence against the defendant. Thereafter the defendant brought *habeas corpus* upon

the ground that the district court had no jurisdiction to pro-
nounce sentence, for the reason that it appeared from the rec-
ord that at the time said judgment was entered and sentence
pronounced said cause was not pending in said district court,
but that the same had been by order of the court remitted to
the circuit court, and it did not appear from the record that
the same had ever been remanded by the latter court to the
district court.  The circuit court thereupon made an order
*nunc pro tunc* remanding said cause to the district court.
While it was true that not all the cases cited by the court in
*Re Wight* rest upon the same state of facts, yet the principle
involved is the same in all, to wit, the power of the trial court
to correct its record after the expiration of the term to make
the same accord with the fact.  One of the authorities cited
by the court in *Re Wight, supra*, is that of *Bilansky v. State,*
3 Minn. 427 (Gil. 313), and, as the court in that case ex-
pressed what we consider to be the correct rule, we copy some-
what at length therefrom.  The court in that case says: "No
objection was made by the counsel for the defendant that any
of these proposed amendments were misstatements of the facts
as they occurred upon the trial; but it was denied upon her
behalf that the court had power to amend its record in a
criminal case after the term at which the trial was had."
"While we would go as far as any court in reprobating a rule
which would place the proceedings of a court almost entirely
at the mercy of the subordinate officers thereof, we would be
scrupulously careful in adopting any rule which would tend
to destroy the sanctity or lessen the verity of records.  And
while we admit the power to amend a record after the term
had passed in which the record was made up, we would depre-
cate the exercise of the power in any case where there was the
least room for doubt about the facts upon which the amend-
ment was sought to be made.  If a jury is sworn according to
law, or any other of the ordinary proceedings take place in the
progress of the trial of a cause, and the clerk omits to record
the fact, we can see no reason why the record should not be
made to conform to the truth, even after the term, when there
exists no doubt about what the truth is.  Every reason is in

favor of such change being made. Public justice demands it, as well for the punishment of the offender as for the protection of the accused, according as the nature of the proposed amendment may operate. The rule limiting the amendment of records to the term in which they were made up, which was fixed by the old practice, and is contended for by the defendant's counsel here, was adopted on the ground alone that the court and parties interested would be more capable of safely arriving at the truth while the transaction was fresh in their minds than at a more remote period, and the wisdom of such limitation is manifest wherever the facts of the particular case fall within the reason upon which it stands; but when the facts stand undisputed, and the objection is based upon the technical point alone that the term has passed at which the record was made up, it would be doing violence to the spirit which pervades the administration of justice in the present age to sustain it. It is our opinion that this power, of necessity, exists in the district court, and that its exercise must, in a great measure, be governed by the facts of each case. The fact that the case is a capital one is in no way an absolute bar to its exercise, but should serve to inspire the court with so anxious a solicitude to be right as to insure certainty. We can see no good reason why the court should not have made the amendments that it did in this case." Were it a fact that the defendant was not personally present when the verdict of the jury was received, a different case would be presented. But it is not. The record shows that the defendant was present at the arraignment, during the trial, and at the pronouncing of sentence. No objection was made by or on his behalf, nor was any motion in arrest of judgment made; but, by an inadvertence on the part of the clerk, the record failed to show that the defendant was present when the verdict of the jury was received. It may well be questioned whether a new trial could be had in this case should the contention of the appellant herein be maintained. Section 4 of the Revised Statutes, provides: "The Revised Statutes establish the law of this territory [state] respecting the subjects to which they relate, and their provisions

and all proceedings under them are to be liberally construed with a view to effect their object and to promote justice." It can hardly be maintained, we apprehend, that the promotion of justice requires that a defendant who has been regularly and legally convicted after a fair and impartial trial should be permitted to escape the just punishment due to his crime through a mere inadvertence of the clerk in omitting to make up the record in accordance with the admitted facts. Again, section 8070 of the Revised Statutes (Penal Code), provides: "After hearing the appeal, the court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." What substantial right of the defendant has been affected in this case? He had the right to be personally present when the verdict of the jury was received. It is not claimed that he was not so present. Then the omission to have that fact appear in the record did not affect "any substantial right" of the defendant. It was rather a "technical error or defect," which we are admonished by the statute we are not to regard. We are constrained to conclude that the action of the district court in amending the record in this case was correct. Any other conclusion would, it seems to us, not only defeat the ends of justice, but would establish a precedent, the effect of which would be to at least open a door to the escape from punishment of criminals whose guilt had been clearly established, upon the most flimsy and inconsequent grounds.

The only other ground of error alleged by appellant is in the giving of the following instruction: "The rule requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that the jury should be satisfied beyond reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient, if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the defendant is guilty." As an abstract proposition of law, it may be that this instruction is erroneous, or at least would be so considered upon a given state of the evidence in the case. But none of the evidence is before us, and

in its absence we cannot presume such a condition of the evidence as would make the giving of the instruction prejudicial error. The instruction was given by the court upon its own motion, and no specific exception was taken thereto. A general exception to all instructions is the only exception that appears in the record. The judgment of the district court is affirmed.

Quarles, J., and Sullivan, J., concur.