(November 8, 1913.)

STATE, Respondent, v. ARCHIE HALL, Appellant.

[135 Pac. 1163.]

CRIMINAL LAW—HOMICIDE—ERROR IN REFUSING INSTRUCTIONS—RECORD
OF EVIDENCE.

1. Upon an appeal from a judgment of conviction in a criminal case, if the evidence given at the trial be not in the record, it will be presumed that the instructions given by the trial court were justified by the evidence, and that the instructions refused, even if correct in themselves, had no application to the evidence.

2. In the trial of a criminal case charging wilful murder, where the defendant is convicted and an appeal is taken to this

court upon the ground that the court erred in refusing to give to the jury certain instructions requested by the appellant, and the court gave instructions stating the law applicable to the charge, this court will presume, in the absence of any objections to the court's instructions given, that the trial court committed no error in refusing the instructions tendered.

APPEAL from the District Court of the Fifth Judicial District for Oneida County. Hon. Alfred Budge, Judge.

An action upon an information of the prosecuting attorney for the crime of murder. Judgment of conviction. Judgment *affirmed*.

Philip J. Evans, for Appellant.

A person on trial for homicide is entitled to demand a positive instruction to the jury on the character or nature of the danger feared, that entitles a person to offer lawful resistance. (*State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047; *People v. Angeles,* 61 Cal. 188; *Drysdale v. State,* 83 Ga. 744, 20 Am. St. 340, 10 S. E. 358, 6 L. R. A. 424.)

A defendant in a homicide trial is entitled to a positive instruction reviewing the testimony, and when asked, such instruction should be given by the court. (*State v. Grugin,* 147 Mo. 39, 71 Am. St. 553, 47 S. W. 1058, 42 L. R. A. 774; 8 Current Law, 109, note 46; *State v. Legg,* 59 W. Va. 315, 53 S. E. 545, 3 L. R. A., N. S., 1152, at page 1167.)

A defendant in a homicide trial is also entitled to a positive instruction to the jury to the effect that where the defense is accidental killing, the burden of proof is on the prosecution to show that it was not an accident, and when asked, such instruction should be given by the court. (*State v. McDaniel,* 68 S. C. 304, 102 Am. St. 661, 47 S. E. 384; *State v. Matheson,* 130 Iowa, 440, 114 Am. St. 427, 103 N. W. 137, 8 Ann. Cas. 430; *State v. Cross,* 42 W. Va. 253, 24 S. E. 996.)

A defendant in a homicide trial is entitled to a positive instruction to the jury that suspicion or probability of the guilt of the prisoner is not sufficient to convict, and such instruction, when asked, should be given. (12 Cyc. 623–627.)

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistants, for Respondent.

In the absence of evidence, it will be presumed that the instructions requested and refused, even if correct in themselves, had no application to the evidence. (1 Hayne, New Trial and Appeal, sec. 130; *People v. Mooney,* 2 Ida. 17 (24), 2 Pac. 876; *People v. Woods,* 2 Ida. 364 (334), 16 Pac. 551; *State v. Watkins,* 7 Ida. 35, 41, 59 Pac. 1106.)

When the evidence is not brought before the reviewing court, and error is predicated upon the refusal of the trial court to give certain requested instructions, it at once becomes a question as to what ground the refusal of the trial court was based upon. Instructions must be pertinent to the evidence. (*People v. Ah Too,* 2 Ida. 44 (46), 3 Pac. 10; *Territory v. Evans,* 2 Ida. 425 (391), 17 Pac. 139; *State v. Peck,* 14 Ida. 712 (719), 95 Pac. 515.)

STEWART, J.—The appellant was charged by the prosecuting attorney of Oneida county upon an information filed by the county attorney on the 10th day of June, 1912. The information charges the appellant with the crime of having wilfully murdered one William Bicknell. The trial was had and the appellant was convicted and sentenced to the penitentiary for not less than ten years nor more than forty-five years.

The appellant assigns as error on this appeal the failure of the court to give instructions Nos. 12, 13, 14, 15, 19 and 20, at the request of the appellant.

Before taking up these instructions we desire to call attention to the fact that the evidence has not been brought to this court in the record. The record does contain, however, the instructions that the trial court gave to the jury and the instructions of the trial court clearly cover the law governing the charge in the information, and this court will presume the instructions applied to the evidence in the case. Hayne, New Trial and Appeal, vol. 1, sec. 130, states the rule: "Under this rule, if the evidence given at the trial be not in the record, it will be presumed that the instructions given

were justified by the evidence, and that instructions refused, even if correct in themselves, had no application to the evidence.''

In the case of *People v. Mooney,* 2 Ida. 17 (24), 2 Pac. 876, this court in the syllabus said: ''Upon an appeal from a judgment of conviction in a criminal case, in the absence of the evidence, the instructions will be presumed correct, if under any possible state of the evidence, the instructions were authorized.'' The rule announced above is practically followed in *People v. Woods,* 2 Ida. 364 (334), 16 Pac. 551. In the case of *State v. Watkins,* 7 Ida. 35, 59 Pac. 1106, this court considered the giving of an instruction and used the following language: ''As an abstract proposition of law, it may be that this instruction is erroneous, or at least would be so considered upon a given state of the evidence in the case. But none of the evidence is before us, and in its absence we cannot presume such a condition of the evidence as would make the giving of the instruction prejudicial error.''

In the case of *People v. Ah Too,* 2 Ida. 44 (46), 3 Pac. 16, the court says: ''The ruling of the court in refusing this instruction might be sustained on other grounds; but, with a view to correcting the practice of asking rambling and irrelevant instructions, the court sustains the rule of the court below, on the ground that the instruction asked for was properly refused because not pertinent to the evidence in the case.''

In the case of *Territory v. Evans,* 2 Ida. 425 (391), 17 Pac. 159, this court said: ''It is well established that the instructions should be based upon the evidence in the case, and the presumption is in favor of the ruling of the court. There appears in the record no evidence to justify these instructions, and we do not consider it necessary to consider them, for, if correct as abstract principles of law, they do not appear to be founded on any evidence in the case.'' We cite *State v. Peck,* 14 Ida. 712, 95 Pac. 515.

From the rule announced in the foregoing opinions of this court, we think the rule is settled in this state that upon an appeal from a judgment of conviction in a criminal case, in

the absence of evidence, the instructions will be presumed correct, if, under any possible state of the evidence the instructions were authorized, where the court is not advised as to what evidence was before the court and the jury, or whether it authorized a conviction or acquittal. This rule prevailing, and the trial court having given instructions which clearly covered the charge contained in the information, and the presumption prevailing that the evidence was in proof of the charge, this court will presume, in the absence of any objections to the court's instructions given, that the trial court committed no error in refusing the instructions tendered.

Taking this view of the case, even admitting that the instructions stated a correct rule of law applicable to certain facts, we cannot presume error on the part of the trial court in refusing the instructions, because the evidence has not been brought up, and there is nothing to show that any such issues covered by such instructions were raised below.

We therefore hold that it was not such a prejudicial error on the part of the trial judge in refusing the giving of instructions requested as to justify this court in reversing the case. The judgment is *affirmed.*

Sullivan, J., concurs.

AILSHIE, C. J., Concurring in Conclusion.—I concur in affirming the judgment in this case, but cannot agree entirely in the holding of the majority in what is said with reference to the presumptions that follow the giving of instructions by the trial court. If an instruction given by the trial court is contrary to law and could not be applicable to any state of facts, it is the duty of the appellate court to say so; and if the instruction was on a matter that was at all likely to be prejudicial to the defendant, the judgment should be reversed. So also if an instruction was requested which correctly stated the law on a material issue involved in the case, and the same was not covered by any instruction given by the court, it would be error for the court to refuse it, and

the appellate court should reverse the judgment. These questions can be determined as well without the evidence being in the record as with it. But in all such cases, it is the duty of this court to consider instructions given and those refused, and determine whether or not the giving or refusing of the particular instruction could have been prejudicial to the defendant. There is, on the other hand, a class of instructions with which this court has dealt on several occasions which have reference to the special facts and circumstances of the particular case. In such cases, the instruction given or refused would not be necessary or even proper in all cases, but is applicable only to the peculiar facts and circumstances of the given case. In that class of cases, the appellate court cannot determine whether or not there was error, unless the evidence is brought up on appeal.