(May 31, 1905.)

## STATE v. HARNESS.

[80 Pac. 1129.]

STATEMENTS OF PROSECUTING OFFICER—VERDICT OF JURY—EXCESSIVE JUDGMENT.

1. The prosecuting officer has the right and privilege in his plea to the jury to refer to the evidence, quoting therefrom, and urge upon the jury the truth or falsity of any evidence in the case.

2. Under the provisions of section 8072, Revised Statutes, this court may affirm, reverse or modify a judgment of conviction, and where the evidence supports the verdict, the judgment pronounced on such verdict will not be reversed on the grounds that such sentence and judgment is excessive, the remedy in such case being by way of modification of the judgment.

3. In this case the extreme penalty of the law was inflicted on the defendant. *Held,* that under the facts disclosed in this case such sentence and judgment was not excessive.

(Syllabus by the court.)

APPEAL from the District Court in and for Nez Perce County. Honorable Edgar C. Steele, Judge.

Defendant was convicted of the crime of rape. Judgment affirmed.

George W. Tannahill, for Appellant.

Upon the question of the insufficiency of the evidence to justify the verdict, and that it is against law, we desire to call the court's attention to the following authorities: *People v. Tarbox,* 115 Cal. 57, 46 Pac. 896; *State v. Mitchell,* 54 Kan. 516, 38 Pac. 810; *Curby v. Territory of Arizona,* 4 Ariz. 371, 42 Pac. 953; *Tway v. State,* 7 Wyo. 74, 50 Pac. 188; *Sowers v. Territory,* 6 Okla. 436, 50 Pac. 257; *State v. McMillan,* 20 Mont. 407, 51 Pac. 827; *State v. Baker,* 6 Idaho, 496, 56 Pac. 81; *People v. Benson,* 6 Cal. 221-224, 65 Am. Dec. 506; *Chicago City Ry. Co. v. Brecher,* 112 Ill. App. 106. The court erred in sentencing the defendant to thirteen years in the state penitentiary, as set out in error 9, folio 322, for the reasons heretofore stated, and for the reason that the circumstances in the case, surrounding this case, and the evidence and record as presented, do not warrant excessive punishment. Upon the questions presented in the assignments of error in the instructions of the court, we desire to call the court's attention to the following authorities: *Sowers v. Territory,* 6 Okla. 436, 50 Pac. 257; *Mares v. Territory,* 10 N. Mex. 770, 65 Pac. 165; *Wortman v. People,* 25 Colo. 270, 53 Pac. 1053; *People v. Barker,* 137 Cal. 557, 70 Pac. 617; *Anderson v. State,* 82 Miss. 784, 35 South. 202; *Ross v. State* (Tex. Cr.), 78 S. W. 503; *Neace v. Commonwealth,* 23 Ky. Law Rep. 125, 62 S. W. 733; *Reynolds v. State,* 27 Neb. 90, 20 Am. St. Rep. 659, 42 N. W. 903; *Mills v. United States,* 164 U. S. 644, 17 Sup. Ct. Rep. 210, 41 L. ed. 584; *Ashford v. State,* 81 Miss. 414, 33 South. 174. Upon the question of the prejudicial remarks of the county attorney, we respectfully call attention to *Burks v. State,* 72 Ark. 461, 82 S. W. 490; *Darrell v. Commonwealth,* 26 Ky. Law Rep. 541, 82 S. W. 289; *State v. Parker,* 134 N. C. 209, 46 S. E. 511.

J. J. Guheen, Attorney General, for the State.

The evidence of prosecutrix in this case was corroborated by several witnesses, but if it had not been, her evidence was sufficient to sustain the verdict. There are no decisions that go to the extent that a verdict will not be sustained, unless evidence of prosecutrix is corroborated. See the case of *State v. Anderson,* 6 Idaho, 706, 59 Pac. 181, which holds that the defendant can be convicted on the uncorroborated testimony; also see *People v. Mayes,* 66 Cal. 597, 56 Am. Rep. 126, 6 Pac. 691; *People v. Mesa,* 93 Cal. 580, 29 Pac. 116; *People v. Stewart,* 90 Cal. 212, 27 Pac. 200.

STOCKSLAGER, C. J.—This is the second appeal in this case. The opinion in the former appeal will be found in 10 Idaho, 18, 76 Pac. 788. It will be observed that the case was reversed and a new trial ordered for the reason that the prosecuting officer in his zeal and enthusiasm in the prosecution was permitted to make certain inflammatory statements in his argument to the jury. These statements, in the opinion of the court, may have prejudiced the jury or individual members of it. He may have felt he was justified by the conduct of the defense or the heinousness of the crime charged, but the court did not then, nor does it now, believe that certain statements were justified. It will also be found that certain statements of the court in the presence of the jury were considered prejudicial to the constitutional rights of the defendant to a fair and impartial trial. It is well known to all trial judges and lawyers that jurors, or at least many of them, may be influenced by the action or language of the court, and for that reason every ruling should be free from any indication of hostility toward the defendant or any interest in the result of the verdict of the jury. We do not wish to be understood as intimating that the learned trial judge before whom this case has twice been tried used any language in the presence of the jury with a view to prejudice either or any of them against the defendant. In following his records on appeal—and we have had occasion to read many of them—we find him universally fair, but no difference how innocently

a statement may be made, it may have its effect on the minds of some of the jurors, and then evil results follow.

The same rule with less severity applies to prosecuting officers. They should always be guarded in their statements in the presence of or to the jury, and base their right of conviction on legal and competent evidence rather than on appeal to the bias and prejudice of the jury. It is but natural that any well-disposed citizen should have more or less prejudice against one charged with the crime of rape. There is nothing so offensive to morals and decency. No crime will appeal to the passions of the people so severely; but what the prosecuting officer may think as a citizen, he may not be permitted to say as an officer in the discharge of his official duty. We have felt called upon to discuss this question again in this appeal for the reason that errors are assigned in the record before us based upon the actions and language of the court as well as the prosecuting officer in the conduct of the trial.

It will be observed that there is no intimation in the former opinion that would indicate that the court believed the evidence was insufficient to support the verdict. From the record we were not entirely satisfied that the defendant had had the fair and impartial trial guaranteed to him by the constitution for the reasons indicated in the opinion which were fully set out. This brings us to a consideration of the record now before us.

The first fifteen assignments of error are based upon the insufficiency of the evidence to support the verdict. This question has been submitted to two juries of Nez Perce county, both of which took a different view of the evidence. Whilst their verdicts may not necessarily be binding and conclusive upon this court, yet they are entitled to great weight in our consideration of this question. The trial court refused to set aside either verdict, evidently believing the juries were justified in their conclusions. Both the trial court and the jurors have many opportunities to determine this question which are not offered to this court, hence the rule that appellate courts will hesitate and reluctantly reverse a case on

this ground. With the constitutional rights of the defendant in view and the obligation this court owes to the people to aid the trial courts in enforcing the law, we have carefully examined the record, and do not think a new trial should be granted on this ground.

A number of errors are assigned relative to statements made by the prosecuting officer during the course of his argument to the jury. An examination of them discloses that he was trying to convince the jury that the statements of the alleged offense as testified to by the prosecutrix were true and that her evidence was entitled to full faith and credit. The objection of defendant's counsel goes to the use of the language used by her while testifying as used by the prosecuting officer in his argument to the jury. This he certainly had the right to do. It was merely a discussion of the evidence, and his belief that the facts as related by her were true. It is evident to us that the prosecuting officer was careful to keep himself within the rule laid down in our opinion on the former appeal in this case.

It is urged by counsel for appellant that the judgment in this case is excessive. The question for this court to determine is whether this judgment should be sustained or reversed upon the record. It is true that our statute empowers this court to affirm, modify or reverse a case on appeal (Rev. Stats., sec. 8072); this court would hesitate before modifying a judgment in a case of this character. If he thinks the judgment is excessive, the law provides a remedy for him in another forum of the state department.

A number of errors are assigned based upon the admission and rejection of evidence. We have examined them and do not think the judgment should be reversed on this or any other ground urged by appellant. The judgment is affirmed.

. Ailshie, J., and Sullivan, J., concur.