(December 3, 1910.)

## STATE, Respondent, v. JOHN LOCKHART, Appellant.

### [111 Pac. 853.]

CRIMINAL LAW—STATE AS PLAINTIFF—ADMISSION OF EVIDENCE.

(Syllabus by the court.)

1. Sec. 1 of art. 5 of the constitution, which authorizes prosecutions in the name of the people, is not violated by sec. 7353, Rev. Codes, which directs that criminal actions shall be prosecuted in the name of the "State of Idaho" as a party plaintiff, and a prosecution by "State of Idaho" as plaintiff is in conformity with the constitution and the statute.

2. In a prosecution for homicide, it was error for the court to permit the state to introduce in evidence a card showing the membership of the deceased in a particular organization of which a majority of the jurors were members, where the only reason for introducing the card was that it tended to establish the name of the deceased.

3. Where during the course of the prosecutor's statement to the jury before the introduction of evidence the defendant asks that the witnesses be excluded, it is proper and advisable that the order of exclusion be made and the witnesses be excluded prior to the statement of the case by the prosecutor.

APPEAL from the District Court of the First Judicial District, in and for the County of Shoshone. Hon. W. W. Woods, Judge.

Prosecution for murder and defendant convicted of murder in the second degree. Defendant appeals. *Affirmed.*

Bixby & Marlowe, for Appellant, cite no authorities.

D. C. McDougall, Atty. General, O. M. Van Duyn, and J. H. Peterson, Assistants, for the State.

It is well-settled law, that if a defendant voluntarily submits to a preliminary examination, he may not thereafter question the sufficiency of the complaint. This would be true even though the complaint had been made on information

and belief instead of being a direct statement.    (12 Cyc. 294, and cases cited under note 63.)

AILSHIE, J.—This is another case where liquor, cards and a sixshooter have furnished a subject for the coroner and a victim for the penitentiary. Appellant was convicted of the crime of murder in the second degree and sentenced to a term in the state penitentiary of not less than ten years and extending to a maximum of a life term. The shooting appears to have been the outgrowth of cheating at cards in a poker game the night before the homicide.

This appeal does not involve the sufficiency of the evidence, but rather presents alleged errors of law committed in the course of the trial. The first question presented is the sufficiency of the complaint filed before the committing magistrate and on which the preliminary examination was held. We might dispose of this on the ground that the question was not properly raised, but, waiving that, have examined the complaint, and are satisfied of its sufficiency.

It is next urged by appellant that the court erred in not quashing and setting aside the information, for the reason that the action was prosecuted in the name of the "State of Idaho," plaintiff, against the defendant, instead of "The people of the State of Idaho." It is insisted that under sec. 1 of art. 5 of the constitution all prosecutions should be had in the name of "The people of the State of Idaho" against the party charged. The constitution recognizes that all criminal prosecutions shall be made by and on behalf of the people of the state, but it does not attempt to specify the particular words or phrase in which the people in their collective capacity shall have their prosecutions made. This section of the constitution is in harmony with sec. 2 of the Bill of Rights which declares, "that all political power is inherent in the people." The legislature has provided by sec. 7353, Rev. Codes, that "a criminal action is prosecuted in the name of the state of Idaho as a party against the person charged with the offense." The legislature has not sought to have prosecutions made by or on behalf of any other than the people,

but has merely designated the common name that shall be adopted by ''the people'' and used as party plaintiff in these prosecutions. In such a case the ''State of Idaho'' is the name adopted to represent the people in their collective capacity when prosecuting offenses against the laws of the people. It is the name under which ''the people'' are doing business. We fail to see any violation of the constitution in the prosecution of a person accused of crime where the prosecution is had in the name of ''The State of Idaho,'' instead of in the name of the people of the state of Idaho.

After the jury had been impaneled and sworn to try the case, the prosecuting attorney made a statement to the jury of the facts the state expected to establish upon the trial of the case. In the midst of his statement, one of the attorneys for the defendant asked the trial court for an order excluding witnesses from the courtroom during the progress of the trial, except the witness being examined, and objected to the prosecutor making his statement of the facts he expected to prove in the presence of the witnesses, but insisted that the order be made and that the exclusion be had prior to the statement of the case to the jury. The trial judge declined to make the order until after the statement by the prosecutor was completed, whereupon the order was made. This action of the trial judge is assigned as error. While we think it would have been eminently proper to have excluded the witnesses prior to the statement by the prosecutor, we do not consider the action of the court an abuse of his discretion, and it certainly would not afford grounds for reversal.

In the progress of the trial some confusion arose as to the correct name of the deceased who was designated in the information as Sam Sharp. Some witnesses seem to have referred to him as Sam Sharp and others as Swan Sharp. The state in endeavoring to establish his true name produced a card which was found soon after the shooting among some papers in a cigar box in Sharp's bunk in a tent at the camp where he was working. This was a card of membership in the Butte Union of the Western Federation of Miners. After proving where the card was found, the state offered to intro-

duce the card and the defendant objected to its introduction. The court finally permitted the deceased's name as it appeared on the card to be read to the jury. In the course of the proceeding, however, it developed quite fully to the jury that this card was a card showing the deceased's membership in the Butte Union of the Western Federation of Miners. The defendant seems to have had no notice prior to this time that such a card existed or would be offered in evidence. His counsel had consequently made no examination of the jurors as to whether any of them were members of the Western Federation of Miners. Subsequent to the trial, however, they learned that seven of the jurors were members of the union, and that one of them was secretary of one of the local unions in the Coeur d'Alene district. They presented these facts by affidavits on motion for a new trial. It is now contended by the appellant that the admission of this card, or rather the name that appeared on the card, and consequently the fact that the deceased was a member of the Western Federation of Miners, was reversible error. It is quite apparent that this was done for the purpose of appealing personally to the members of the jury who were members of the miners' union. If it had been solely for the purpose of disclosing the name of the deceased, that could have been better done by letters which it is shown were found at the same time and place as this card and which appeared to have been addressed to him. These, however, were not used for that purpose. We have no doubt but that the ruling of the court in admitting this was erroneous. The card was not admissible for any purpose. The only question is whether it was such an error as requires a reversal of the judgment. For the purpose of determining that fact we have examined the record and evidence in the case quite carefully, and are satisfied that the crime has been committed and that the evidence was abundant to justify the verdict of conviction in this case. In the light of this condition of the case, and the further fact that it does not affirmatively appear that the jury or any member thereof was influenced by this incident, we do not think we would be justified in reversing the judgment on that ground.

We have examined the other assignments and do not find any error requiring our further consideration. This is a case where both parties were at fault. After reading the evidence of witnesses somewhat carefully, we are strongly of the opinion that the defendant when he borrowed a gun and went to the place where Sharp was at work did not go with the intent of killing Sharp, but rather with the intent of scaring and intimidating Sharp into paying the sum of $33, which the defendant claimed was due him on a gambling debt from the night preceding. When they met, the defendant being thus armed, the inevitable row occurred, and shots were fired to intimidate Sharp, and when Sharp fought back the result was that he was shot down by the appellant. Appellant now finds himself in the unfortunate position of having to pay the penalty.

The judgment should be affirmed, and it is so ordered.

Sullivan, C. J., concurs.