433 P.2d 125

**CITY OF SANDPOINT, Plaintiff-Appellant,**

v.

**Robert BUTIGAN, Defendant-Respondent.**

**No. 9917.**

Supreme Court of Idaho.

Nov. 3, 1967.

Glenn E. Bandelin, Sandpoint, for appellant.

Stephen Bistline, Sandpoint, James P. Keane, Kellogg, for respondent.

TAYLOR, Chief Justice.

October 15, 1965, defendant was charged, by complaint filed in the police court of the City of Sandpoint, with the crime of reckless driving as defined by I.C. § 49-1103. The complaint was filed by, and in the name of, the City of Sandpoint as plaintiff. The offense was alleged to have been committed within the City of Sandpoint in Bonner County. A warrant of arrest was issued by the police judge. Defendant appeared by counsel and entered a plea of not guilty. An affidavit of prejudice was filed by defendant and the cause was transferred by the police judge to the court of the justice of the peace at Priest River, in Bonner County. Trial in the justice court resulted

in a verdict of guilty and judgment of conviction was entered and a fine imposed by the justice court. Defendant appealed from the judgment to the district court and in that court filed a demurrer to the complaint and a motion to strike a portion thereof. The demurrer was general and additionally alleged the insufficiency of the complaint by reason of uncertainty. At the same time the plaintiff city moved the court for leave to amend its complaint and tendered an amended complaint, which also bore the name of the city as plaintiff.

The district court, observing that the action had been prosecuted in the justice court in the name of the City of Sandpoint, held that the justice court did not have jurisdiction of proper parties to the action and that the proceedings in that court were void. The district court entered its order dismissing the action for lack of jurisdiction.

The city brought this appeal from the judgment of the dismissal.

 Constitution, art. 5, § 1, in part provides:

"* * * every action prosecuted by the people of the state as a party, against a person charged with a public offense, for the punishment of the same, shall be termed a criminal action."

In conformity with this constitutional provision the legislature provided as follows:

"A criminal action is prosecuted in the name of the state of Idaho, as a party, against the person charged with the offense." I.C. § 19–104. See State v. Lockhart, 18 Idaho 730, 111 P. 853 (1910).

Idaho Code § 19–507 in part provides:

"A warrant of arrest is an order in writing, in the name of the state of Idaho, signed by a magistrate, commanding the arrest of the defendant, * * *"

Under these constitutional and statutory provisions a criminal proceeding for the prosecution of one charged with a public offense against the laws of the state must be prosecuted in the name of the state. I.C. §§ 19–103, 19–104. Municipal corporations are not given authority to prosecute such proceedings, except in the name of the state.

The city, appellant, contends that the district court erred in not permitting the complaint to be amended to substitute the State of Idaho as party plaintiff. The record does not show that any motion or offer to so amend the complaint was made in the district court. On the contrary, the amended complaint which was tendered purported to continue the prosecution in the name of the City of Sandpoint.

Judgment affirmed.

SMITH, McQUADE and SPEAR, JJ., and NORRIS, District Judge, concur.