## THE PEOPLE, RESPONDENTS, *v*. SIMEON WALTERS, APPELLANT.

CRIMINAL LAW—INDICTMENT—MURDER.—A failure to set forth the title of the action in an indictment is not fatal. The statute requiring it is directory. Sufficiency of an indictment for murder considered.

APPEAL from the district court, second judicial district, Boise county. The defendant was indicted for the crime of murder by a grand jury of Ada county. On defendant's application, the place of trial was changed to Boise county. The jury returned a verdict that they found the defendant

guilty " as charged in the indictment." Upon that verdict the district court sentenced and adjudged the defendant to suffer death. From that judgment the defendant appealed. No objection was made by the defendant's counsel to the form of the verdict, in the supreme court, on appeal, and that question was not considered. After the affirmance of the judgment by the supreme court, and the issuance of a remittitur, other counsel for the defendant filed a petition for a rehearing in the supreme court, upon the ground that the verdict did not justify the judgment.

*P. E. Edmondson,* for the appellant.

*George Ainslie, district attorney,* for the respondents.

KELLY, J., delivering the opinion of the court. BOWERS, C. J., and MILLER, J., concurred.

The points relied upon are:

1. The indictment does not set forth the title to the action.

2. No venue is laid in the indictment.

3. The indictment does not appear to be found by a grand jury.

4. The indictment does not state facts sufficient to constitute a cause of action, in this: No offense is charged in the indictment. Appellant's counsel contend that inasmuch as the two hundred and thirty-third section of the criminal. practice act requires that " the indictment shall contain the title to the action," the defect is fatal.

We do not think so. The indictment in this regard is directory. The two hundred and forty-second section of the practice act says: " The indictment shall be sufficient, if it can be understood therefrom: 1. That it is entitled in a court having authority to receive it, though the name of the court be not actually set forth." The next section reads as follows: "No indictment shall be deemed insufficient, nor shall the trial, judgment, or other proceedings thereon, be affected, by reason of any defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant."

It is not contended but the title to the court is fully set forth. How a failure to state the title to the action should prejudice the defendant's rights we are unable to understand.

2. The point that no venue is laid in the action is too narrow a construction of language for any court. "Idaho Territory, Ada County," is mentioned in the caption of the indictment and the title of the court, and again as the place where the jury is impaneled and sworn, and next the offense is specially charged to have been committed in "Ada county," and it is further charged that the offense is against the laws of Idaho territory, etc. In fact it is hard to see how the venue could be laid more specifically.

3. The point that the indictment does not appear to be found by a grand jury is likewise insufficient. "The jurors of the people of the United States of the territory of Idaho, in and for the body of the county of Ada, to wit: i. e., good and lawful men of said county then and there being, duly sworn and charged to inquire for the people of the United States in the territory of Idaho and the body of the county aforesaid, upon their oaths do present, etc. Signed by ———, foreman of the grand jury."

"Presented in open court by the grand jury and filed in their presence," etc., is sufficient, and so held in numerous cases.

4. The objection "that no offense is charged" can not have any weight whatever.

"That Simeon Walters on etc., at etc., in and upon one Joseph Bacon, feloniously, willfully, and of his malice aforethought, did make an assault, and the said Simeon Walters with a certain knife, the said Joseph Bacon then and there being, feloniously, willfully, and of his malice aforethought, did strike, stab, and thrust, giving to the said Joseph Bacon then and there with the knife aforesaid, in and upon the body of said Joseph Bacon, one mortal wound, of which said mortal wound the said Joseph Bacon then and there instantly died." And so the jurors aforesaid, upon their oaths aforesaid, do say "that the said Simeon Walters, the said Joseph Bacon, in manner and form aforesaid, then and

there, feloniously, willfully, and of his malice aforethought, did kill and murder."

This language of itself can not be interpreted or tortured into anything but a charge of murder, and is good in a common law indictment. (*The People* v. *Cronin*, 34 Cal. 196; *The People* v. *King*, 27 Id. 507.)

The judgment of the court below is affirmed, with directions to the court below to fix the time for carrying the original sentence into execution.