[No. 10,052.]

## THE PEOPLE v. ISAAC WEAVER.

INDICTMENT—ALLEGATION OF MEANS.—The Penal Code has not changed the rules of pleading so as to require a more specific allegation of the means employed in the commission of a murder than was necessary under the former statute.

CHARGING TWO OFFENSES.—An objection to an indictment that it charges two offenses, must be presented by demurrer.

CHARGING TWO OFFENSES.— An indictment which charges A. with having feloniously assaulted B., and with having killed and murdered B., does not charge two offenses.

CONTINUANCE—BILL OF EXCEPTIONS.—Exceptions to an order overruling a motion for a continuance, must be presented to the Supreme Court by embodying the affidavit in a bill of exceptions, or in some mode clearly identifying it as having been read on the hearing of the motion.

AFFIDAVIT FOR CONTINUANCE.—An affidavit for a continuance in a criminal case, on account of the absence of a material witness who has been subpenaed, must show that the witness cannot be readily reached by an attachment.

APPEAL from the District Court of the Second Judicial District, Tehama County.

The offense of which the defendant was indicted was charged as follows: "The said Isaac Weaver, on the fourteenth day of March, 1873, and before the finding of this indictment, at the county of Tehama, State of California, feloniously, willfully, and of his malice aforethought, in and upon one Adoph Walmer did make an assault, and the said Isaac Weaver feloniously, willfully and of his own malice aforethought, then and there did kill and murder the said Adolph Walmer." The affidavit of John Weaver, which is referred to in the opinion, stated, as a ground for a continuance, that a certain absent witness had been served with a subpena, but the Sheriff had informed the affiant "that in all probability the witness would not be present at the trial." The defendant was convicted, and he appealed from the judgment.

*I. S. Brown*, for Appellant, cited in support of the point that the indictment charged two-offenses, Penal Code, secs. 240, 954, 952 and 1004.

*Attorney-General Love*, for the Respondents.

By the Court, RHODES, J.:

The defendant demurred to the indictment on four grounds: First, that the means used in the commission of the offense are not stated; second, that it is not charged that the homicide was committed contrary to the provisions of the "Penal Code;" third, that it is not stated that the names indorsed upon the indictment are all the witnesses who were examined by the grand jury; and, fourth, that the indictment was not transferred from the County Court to the District Court.

Had this indictment been found while the Criminal Practice Act was in force, it would have been held sufficient, so far as it respects the allegations of the means by which the murder was committed. (*People* v. *Cronin*, 34 Cal. 191.) Neither the sections of the Penal Code referred to by the defendant, nor any other section which we have examined,

have changed the rules of pleading so as to require a more specific allegation of the means employed in the commission of an offense, than was necessary under the former statute.

The remaining grounds of demurrer are not relied upon here, and we are of the opinion that they are not well taken.

It is urged that the indictment is objectionable because it charges two offenses, to wit: assault and murder. The objection, even it were valid, will not be entertained, because it is not presented by demurrer. (SS. 1,004, 1,012.) But the objection is wholly untenable.

The Court denied the defendant's motion for continuance, and this ruling is assigned for error. This question cannot be presented in any other manner than by means of a bill of exceptions. The defendant's affidavit, which is relied upon in argument, cannot be considered, as it is not even alluded to in the bill of exceptions. It mentions an affidavit of John Weaver, and the record contains an affidavit made by John Weaver, but there is nothing in the bill of exceptions or the affidavit, which shows that this affidavit was used on the hearing of the motion. The affidavit should have been embodied in the bill of exceptions, or, in some mode, clearly identified as having been read on the hearing of the motion. But, conceding that the affidavit in the record can be considered, and that the testimony therein mentioned was material, the defendant might have moved for an attachment for the defaulting witness, but the affidavit was not sufficient to require an order of continuance. The witness had been served with a subpena within the county, and it did not appear that he could not readily have been reached by an attachment.

Judgment affirmed and the Court below directed to fix a day to carry the sentence into execution. Remittitur forthwith.