(September 14, 1881.)

## PEOPLE v. McDONALD.

[1 Pac. 345.]

INSTRUCTIONS—MALICE—MURDER.—An instruction that "malice is always to be implied when the circumstances of the killing show an abandoned and malignant heart" is not objectionable under a statute which provides that "malice is to be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart."

SAME.—It is not necessary to give an instruction in the exact language of the statute, and it would be erroneous, in some cases, to do so; it is sufficient if the substance is correctly given.

APPEAL from District Court, Owyhee County.    Affirmed.

*Alanson Smith,* for Appellant.

The court erred in defining the crime of murder.    When the court instructs the jury to find that the circumstances of the killing showed an abandoned and malignant heart from *some* or *any* of the circumstances, while the statute requires them to find it from *all* the circumstances, the instruction is erroneous. Where considerable provocation appears, there is no implied malice.    It must appear that there was malice aforethought, either express or implied, to support a verdict of murder of any degree.    (2 Bishop's Criminal Law, 6th ed., 675, 697.)    The defendant should be found guilty of the lesser offense, to wit, murder in the second degree, where the verdict is found upon a presumption of guilt arising from the evidence, or upon the conclusive implication of malice.    (*People v. Walter,* 1 Idaho, 386; *Johnson v. Commonwealth,* 24 Pa. St. 386; *State v. McCormick,* 27 Iowa, 402; *People v. Gibson,* 17 Cal. 283, and cases there cited.)

*Thomas D. Cahalan,* for the People.

If the judge is not asked to charge the jury on a particular point at the trial, it is not error if he omits to do so.    (*Hall v. Weir,* 1 Allen, 261; *Burns v. Sutherland,* 7 Pa. St. 103; *Davis v. Elliott,* 15 Gray, 90; *Jones v. State,* 20 Ohio, 34; *Bain v. Doran,* 54 Pa. St. 124; *Tomlinson v. Wallace,* 16 Wis. 224-235; *Pennock v. Dialogue,* 2 Pet. 1; *Koehler v. Wilson,* 40 Iowa, 183; *Miller v. Bryan,* 3 Iowa, 58; *People v. Haun,* 44 Cal. 96.)

If the court cannot give instructions without modifying the same, he may refuse to give them. (*Bevan v. Hayden,* 13 Iowa, 122-127; *Grimes v. Martin,* 10 Iowa, 347; *Carpenter v. Stilwell,* 11 N. Y. 61-79; *Lucas v. Brooks,* 18 Wall. 436; *Hodges v. Cooper,* 43 N. Y. 216; *Indianapolis etc. R. R. Co. v. Horst,* 93 U. S. 291.) The court may refuse to give instructions asked where it has already instructed fully on those points. (*Kelly v. Jackson,* 6 Pet. 622-628; *Indianapolis etc. R. R. Co. v. Horst,* 93 U. S. 291, 295; *Jones v. Jones,* 71 Ill. 562; *People v. Murray,* 41 Cal. 66; *People v. Kelly,* 28 Cal. 423; *People v. Strong,* 30 Cal. 151; *People v. Williams,* 32 Cal. 280; *State v. O'Connor,* 11 Nev. 416; *State v. Waterman,* 1 Nev. 543.)

MORGAN, C. J.—Defendant was indicted, tried, and convicted of murder in the first degree. The first point urged upon the attention of the court, and which seems to be relied upon by the appellant as the main point, or as the only ground upon which he asks a reversal of the judgment below and an order for a new trial, is "that the court erred in the instruction giving the definition of murder, or in the direction as to when malice is to be implied. The language of the statute is that malice is to be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart." The language of the court in the instruction is: "Malice is always to be implied when the circumstances of the killing showed an abandoned and malignant heart." The language of the statute is in the alternative, and is equivalent to the following: Malice shall be implied either when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart; that is, in either case malice shall be implied. It is proper, then, that the court should give either cause for the implication that may, in his judgment, be applicable to the evidence.

The question remains, then, whether leaving out the word "all" makes such a change in the statute as to mislead the jury. It is proper, first, to inquire what kind of an error or omission would authorize an appellate court to reverse a judgment of a court below and direct a new trial. It is not error to give general instructions, and if an omission occurs in a general instruction, unless it actually misleads the jury and procures a wrong verdict, it cannot be assigned for error. Thompson, in his work

on Charging the Jury, section 81, says a party cannot, in a court of error, avail himself of an omission which he made no effort to have supplied at the time, and cites a large number of authorities running through the reports of a number of the states. Neither is it sufficient if there is a mere tendency in the instructions to mislead the jury; in such a case also the defendant must ask additional explanatory instructions in order to avail himself of the defect in a court of error. (Thompson's Charging the Jury, sec. 82; *Kenan v. Holloway,* 16 Ala. 53, 50 Am. Dec. 162.) A proper jury is composed of men of sound judgment and ordinary intelligence. It cannot be supposed that such men would infer from this instruction that they were to take a part of the circumstances and from these imply malice; such men would know that, when the court said the circumstances of the killing, all the circumstances were intended, and not a part.

It cannot be said, and it is not said, by the appellant that this instruction in the form given misled the jury, and it can scarcely be said that it had a tendency even to mislead the jury. The word "all," in the connection used, is a word of emphasis only, and is not in any sense essential to the completeness of the direction. The court is never required to give instructions in the exact language of the statute; it would be in some cases erroneous to do so; it is sufficient if the substance is correctly given. When all the instructions are taken together no improper inference can be drawn. The jury are repeatedly, and in differing language, charged that every reasonable doubt arising from the evidence must be resolved in favor of the defendant. This reasonable doubt is defined in the instructions to be not speculative in its nature, but a real uncertainty, and a wavering of the mind after consideration of all of the evidence; and the concluding clause of the instructions of the court is, "You will carefully consider all the facts and circumstances of the case as detailed by the evidence." The different degrees of murder and manslaughter are also clearly defined.

The six instructions refused had been substantially and fully given by the court. These six instructions are clearly bad on account of their mystical character also, and appear to have been framed to confuse the jury instead of to instruct them. We find no error in the causes assigned.

Judgment is therefore affirmed.