(February 14, 1884.)

## PEOPLE v. AH TOO.

### [3 Pac. 10.]

INSTRUCTIONS.—In charging a jury the court should give only such instructions as are pertinent to the evidence.

SAME—CIRCUMSTANTIAL EVIDENCE.—There was an absence of circumstantial evidence at the trial—the evidence being that of eyewitnesses to the homicide; defendant asked the following instruction: "If the evidence introduced by the prosecution to establish the guilt of the defendant be regarded by the jury as circumstantial, and the circumstances be themselves doubtful, the jury must examine and inquire very closely into the adequacy of the motive of the defendant for committing the offense charged." *Held*, that such instruction was properly refused.

SAME—ABSTRACT PROPOSITIONS.—Instructions giving abstract propositions of law, but which have no application to the facts proven, should not be given.

APPEAL from District Court, Ada County. Reversed.

Fremont Wood and G. W. Adams, for Appellant.

The rule is, upon a motion for a new trial on the ground of newly discovered evidence, if it is probable that the verdict would be changed, or if it is doubtful how it would affect the verdict, the motion should be granted. (*Jones v. Hartley*, 3

Whart. 189; *Windham Co. Bank v. Kendall,* 7 R. I. 77; *Flanna-gan v. Newberg,* 1 Idaho, 78; 3 Graham & Waterman on New Trials, 1044; *State v. Logan,* 1 Nev. 509.) In capital cases, when upon a review of the whole testimony the court is not satisfied with the verdict, a new trial will be granted. (9 United States Digest, p. 635, sec. 2643; *Raines v. State,* 33 Ga. 571; 9 United States Digest, sec. 2648; *Falk v. People,* 42 Ill. 331; *Manuel v. People,* 48 Barb. 548; 9 United States Digest, 635, sec. 2658; 9 United States Digest, 636, sec. 2668; *State v. Packwood,* 26 Mo. 340.) The court erred in refusing defend-ant's instruction, viz.: "If the evidence introduced by the prose-cution to establish the guilt of defendant be regarded by the jury as circumstantial, and the circumstances of themselves doubtful, the jury must examine and inquire very closely into the adequacy of defendant's motive for committing such an of-fense as charged." (1 Parker's Criminal Reports, p. 655; also p. 32.) To refuse such instructions as properly arise upon the record is error. (3 Graham & Waterman on New Trials, 710.)

T. D. Cahalan, District Attorney, for the People.

A new trial should not be granted on the ground of newly discovered evidence unless there is either a total deficiency of evidence or it preponderates so greatly against the verdict as to render it clear that the jury acted under the influence of pas-sion or prejudice. (*People v. Manning,* 48 Cal. 337.) It must be shown that newly discovered evidence could not have been obtained by reasonable diligence, that it is material, not merely cumulative and corroborative or collateral. (Hilliard on New Trials, 375.) Where the evidence is conflicting, the verdict will not be set aside. (*Mootry v. Hawley,* 1 Idaho, 543; *Ainslie v. Idaho etc. Printing Co.,* 1 Idaho, 641; *People v. Gill,* 45 Cal. 285; *Giles v. State,* 6 Ga. 276; 1 Archibald's Criminal Practice, 664.) In criminal cases, the presumption is in favor of the verdict. (*Waller v. State,* 4 Ark. 87; 1 Archibald's Criminal Practice, 663, note b; 3 Graham & Waterman on New Trials, 240.)

BUCK, J.—Ah Too was indicted, tried, convicted, and sen-tenced at the November term of the district court, 1882, in Ada county, on an indictment for murder in the killing of Ah You. This appeal is taken from the judgment and from the order of

the court overruling the motion for a new trial. The errors assigned in the bill of exceptions, and insisted upon in the argument on appeal are: 1. The refusal of the court to give a certain instruction at request of the defendant; and 2. The order of the court overruling the motion for a new trial. The instruction asked by defendant and refused by the court is as follows: "If the evidence introduced by the prosecution to establish the guilt of the defendant be regarded by the jury as circumstantial, and the circumstances by themselves doubtful, the jury must examine and inquire very closely into the adequacy of the motive of the defendant for committing the offense charged." The exception to the refusal of the court to give this instruction seems based, by a reference in appellant's brief, upon a principle in 3 Graham & Waterman on New Trials, 710, where it is stated: "To refuse such instructions as properly arise in the case is error." This proposition is conceded to be good law, and it suggests the question, Did the instruction asked for properly arise in this case? While "there is no evidence admissible in a court that does not depend more or less on circumstance for credit" (Wharton's Criminal Evidence, 8th ed., sec. 10), yet it can hardly be claimed that an instruction as to the character and weight of circumstantial evidence should be given in all cases. The court cannot be called upon to charge the jury upon abstract propositions. (3 Graham & Waterman on New Trials, 795.) An abstract proposition may be correct in principle, and yet so irrelevant to the facts as to have no practical bearing upon the issues tried. To give a jury such an instruction would perplex rather than aid them in finding a verdict. In the case at bar there seems to have been an entire absence of circumstantial evidence. The shooting occurred in the daytime, in the midst of several witnesses, and the defendant admitted that the fatal shot came from his revolver, but alleged that the shooting was wholly accidental. The entire evidence was by eye-witness, except the dying declaration of deceased; and those declarations criminating defendant depended entirely upon the credibility of the witness to whom they were said to have been made. We find no element of circumstantial evidence therein. The ruling of the court in refusing this instruction might be sustained on other grounds; but, with a view to correcting the practice

of asking rambling and irrelevant instructions, the court sustains the ruling of the court below, upon the ground that the instruction asked for was properly refused because not pertinent to the evidence in the case.

Upon the second branch of the case, to wit, that the verdict is contrary to the evidence, the court is of the opinion that the objection to the verdict is well taken. In coming to this decision we do not disregard or ignore the principle insisted upon by respondent, to wit, "where the evidence is conflicting, the verdict will not be set aside." Upon an inspection of the evidence we are of the opinion that the case at bar does not come within the rule. As a result of the conclusion of the court will probably be a new trial in the court below, a discussion of the evidence here would be out of place.

The judgment of the court below is reversed, a new trial ordered, and the case is remanded to the district court, Ada county, second judicial district, Idaho territory, for further proceedings.

Morgan, C. J., and Prickett, J., concurred.