(April 9, 1896.)

## STATE v. GODARD.

[44 Pac. 643.]

WITNESS FEES AND MILEAGE—EXCEPTIONS.—To entitle a defendant to a review of the action of the district court, the record must show an exception duly taken to such action of the court. To entitle a defendant to the benefit of the provisions of section 8151 of the Revised Statutes as amended by Session Laws of 1893, there must be a strict compliance with the provisions of said section, and the necessity and materiality of such witnesses must be shown before subpoena will be issued, or any expense incurred chargeable to the county.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

James W. Reid, for Appellant.

The court had ordered the witnesses subpoenaed; the defendant had paid for this, and the only question to determine was the right to charge the county with their expenses. (Idaho

Const.; art. 1, sec. 3; Idaho Sess. Laws 1893, p. 20; *De Lano v. Board of Commrs.*, ante, p. 83, 35 Pac. 841.)

Attorney General George M. Parsons, for the State.

The facts summarized are as follows: December 10, 1895, order made by judge directing that certain witnesses be subpoenaed for defense. On same day on motion of the district attorney, order vacated December 11th, application made for order requiring clerk to issue subpoenas for certain witnesses for defendant, and order made. Subsequently on January 23, 1896, the defendant by his counsel filed a motion praying for an order directing the clerk of the district court to issue a warrant for certain witnesses for their *per diem* and mileage amounting to $821. The order of the court overruling the motion was made as of January 14, 1896. The affidavit as to the materiality of the testimony of the witnesses for the defendant was sworn to January 16th, two days later, and was not before the court when the order of the court was made. This is important, in view of the fact that the order was refused upon the ground that defendant refused to show to the court wherein the testimony of the witnesses whose attendance was desired was material. By section 8151, as amended, Second Session Laws, page 20, the issuing of process to compel the attendance of witnesses is left to the sound discretion of the trial court. Thus discretion has been recognized and declared by this court. (*Delano v. Board of County Commrs.*, ante, p. 83, 35 Pac. 841.) And a similar statute received like construction in Montana. (*State v. O'Brien*, 18 Mont. 1, 43 Pac. 1094, 44 Pac. 399.) In this case after the order of January 14, 1896, was made, which is the order complained of, no exception was taken to the order as required by section 7942 of the Revised Statutes, nor was any bill of exceptions embodying said order prepared in the case. It follows, therefore, that there is nothing before this court to review.

HUSTON, J.—The appellant was indicted for the crime of murder. Upon trial, defendant requested to have subpoenaed upon her behalf five named witnesses. Thereafter she requested

that fifteen other named witnesses be subpoenaed in her behalf, and asked an order of the court that such last-named witnesses be subpoenaed at the cost of the county. The court made an order that all of said witnesses be subpoenaed, and it would seem as though this order was subsequently revoked (the record is in such insufficient, incomplete, and disordered condition that we are compelled to stretch the power of judicial inference to its utmost limits, to give it any consideration) ; but we hazard the inference that the district judge revoked his order, except as to the five witnesses allowed by the statute. · After the trial, which resulted in the acquittal of defendant, she made application for the allowance to her of the expense of subpoenaing and *per diem* and travel of some fifteen witnesses, which was refused by the court, and very properly as we think, and no exception appears to have been taken thereto.

This application came too late to entitle the defendant to the benefit of section 8151 of the Revised Statutes, as amended in the Session Laws of 1893, at page 20. Our statutes in behalf of criminals are altogether too liberal already, and we do not think that the public weal or the administration of the law in justice warrants their extension in that direction by construction. If every criminal who succeeds in securing an acquittal, by no matter what means, can charge the expense of his prosecution upon the county or the state, as a matter of finance we had better repeal our criminal laws entirely. The statute is altogether too loose. Before any person accused of crime should be entitled to charge the county with the expense of his defense, he should be required to show to the satisfaction of the court his inability to bear such expense. It is true the wisdom, or, perhaps, rather the lack of wisdom, of our legislators, has not made this a prerequisite to the invocation of the aid of the public treasury in defense of criminals, but the extent to which they have gone will not be enlarged by judicial construction. The judgment of the district court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.