(February 27, 1900.)

In re ALBERT GREEN.

[60 Pac. 82.]

Habeas Corpus.—Preliminary Examination—Jurisdiction.—The writ of *habeas corpus* will not issue on behalf of one accused of felony, pending a preliminary examination, where the petition fails to state facts showing that the magistrate who commits, pending such examination, is without jurisdiction.

(Syllabus by the court.)

An original proceeding. Application for writ of *habeas corpus.*

Lot L. Feltham, for Petitioner, files no brief.

QUARLES, J.—This is an application for a writ of *habeas corpus* upon the following petition:

"To the Honorable Supreme Court of Idaho:

"The petition of Lot L. Feltham respectfully shows: 1. That he is the attorney of one Albert Green, who is now unlawfully imprisoned, detained, confined, and restrained of his liberty by one D. D. Campbell, sheriff of Canyon county, state of Idaho, at the county jail in the county of Canyon, state of Idaho, and this application is made by the said Lot L. Feltham on behalf of, and for the relief of, said Albert Green. 2. That the said imprisonment, detention, confinement, and restraint are illegal, for the following reasons, to wit: (a) That the said Albert Green is held by said sheriff under and pursuant of a commitment issued by the probate court of Canyon county, Idaho, in a case in which the jurisdiction of said probate court has been exceeded, and the process above mentioned has been issued in a

case not allowed by law, the particulars of which matter are as follows, to wit: 3a. That on the ninth day of February, 1900, one H. A. Green filed his written complaint in the justice court of Emmett precinct, Canyon county, state of Idaho, before T. N. Williams, a justice of the peace of said precinct, charging the said Albert Green with the crime of assault with a deadly weapon, to wit, a loaded revolver, upon one W. S. Stuart, at Canyon county, state of Idaho, on the eighth day of February, 1900, and the said magistrate thereupon issued a warrant for the arrest of said Albert Green, and he was forthwith brought before said magistrate for preliminary examination thereon, and retained by the constable of said Emmett precinct pending a hearing of said cause in said court. 4. That upon the thirteenth day of February, 1900, the county attorney of said Canyon county appeared in said justice court, and moved the said court to dismiss said case, upon the ground that the said complaint did not state a public offense, which motion was overruled by said court, and said case held for examination in said court; that thereupon the said county attorney withdrew from said justice court, although requested by said magistrate to conduct said criminal examination, and the said county attorney refused to further appear and prosecute in said court. 5. That said case was continued for examination by said magistrate to the fourteenth day of February, 1900, at the hour of 10 o'clock A. M., at which time, the said county attorney not appearing, and an affidavit being filed in said case showing the absence of the state's witness, W. S. Stuart, and showing that said witness was suffering from a gunshot wound, and unable to appear at said time before said magistrate, and upon the consent of the defendant, given in open court, the said magistrate continued said preliminary examination to the twenty-seventh day of March, 1900, at 10 o'clock A. M., and committed the said defendant, Albert Green, to await said preliminary examination, admitting him to bail in the sum of $1,000; and thereupon the said defendant gave good and sufficient bail, which was approved by the said magistrate, and said defendant was released from custody, pending said hearing set for March 27, 1900. 6. That on the twelfth day of March, 1900, one D. D. Campbell, sheriff of

Canyon county, state of Idaho, made and filed in the probate court of Canyon county, Idaho, a complaint charging said defendant, Albert Green, with the crime of assault with a deadly weapon with intent to murder the said W. S. Stuart, in Canyon county, state of Idaho, on the eighth day of March, 1900 (this being the identical matter set forth in the complaint of H. A. Green aforesaid), and thereupon the said probate court issued a warrant for the arrest of said Albert Green, and placed said warrant in the hands of said D. D. Campbell for service. 7. That, after the release of the said Albert Green upon bail in the said proceedings in said justice court, the said D. D. Campbell arrested said Albert Green, and took him to Caldwell, and confined him in the county jail of said Canyon county under said warrant, pending further proceedings. 8. That on the fifteenth day of February, 1900, the said Albert Green was taken before said probate court for an examination into said charge, and, appearing specially for the purpose of objecting to the jurisdiction of the said court over him, by his attorney, moved the court to release him from said arrest, and recall said warrant, upon the grounds that another co-ordinate court had assumed and acquired jurisdiction of the subject matter and of the defendant on the ninth day of February, 1900, and the matter was still pending before said justice court, and for the further reason that said probate court had no jurisdiction to examine into said case, as it is not the court held nearest to the place where said alleged crime was committed, and most convenient to a majority of the witnesses in the case; which motion by the court was overruled, and the said defendant was thereupon held by said court for preliminary examination into said charge, and his bail was fixed by said court at the sum of five thousand dollars, and in default of said bail he was committed to the custody of the sheriff of said county, and was thereupon confined in the county jail of said county, and is still so confined and restrained of his liberty. 9. That upon the seventeenth day of February, 1900, the said defendant, by his attorney, Lot L. Feltham, made application to Hon. George H. Stewart, judge of the district court of the third judicial district of the state of Idaho, and said judge set said matter for hearing upon said petition before the district

court of said judicial district, sitting at Boise, Idaho, on the twenty-first day of February, 1900, and thereafter, on said last-named date, said matter was submitted to said court, and said application refused. Wherefore your petitioner prays that a writ of *habeas corpus* may be granted, directed to the said D. D. Campbell, sheriff as aforesaid, commanding him to have the body of said Albert Green before this court at a time and place therein to be specified, to do and receive what shall then and there be considered by you concerning said Albert Green, together with the time and cause of his detention, and bring said writ, and that said Albert Green may be restored to his liberty.

"LOT L. FELTHAM,

"Petitioner.

"Subscribed in my presence and sworn to before me this twenty-first day of February, 1900.

[Seal]                              "FRANK MARTIN,

"Notary Public."

Attached to said petition are copies of a copy of the complaint and warrant issued by the probate court, and a copy of a copy of the justice's docket, showing the proceedings before the justice, from which it appears that on the thirteenth day of February, 1900, the county attorney, in the presence of the accused, who had executed bail in the sum of $1,000 to appear for examination, moved said justice to dismiss the complaint before him, on the ground that said complaint was insufficient. This motion was denied, and the county attorney refused to further appear before said justice. The inference in that the county attorney thought the accused should be examined upon the graver charge of assault with intent to commit murder, the maximum punishment for which is imprisonment for fourteen years in the state penitentiary, instead of assault with a deadly weapon, the maximum punishment for which is imprisonment for two years, or fine not exceeding $5,000, or both. If the county attorney acted arbitrarily and without cause, he deserves censure. But, nothing appearing which shows that he did not act in good faith, we must presume that he had good and sufficient reason for taking the course which he did take. He is presumed to do hi~ duty until the contrary is shown. It does not appea~ th~

right to a preliminary examination is denied to the accused. Nor does it appear that the warrant of arrest or commitment was issued by the probate court without jurisdiction. Improper conduct on the part of the justice of the peace, or on the part of the county attorney, is not ground for *habeas corpus,* unless it results in the illegal restraint of the accused. No such showing is made here. This is not the proper proceeding to determine the relative rights, duties, or authority of the justice of the peace of Emmett precinct and of the county attorney of Canyon county in the matter of criminal prosecutions, nor the proper proceedings to correct mere irregularities in their official conduct. While an accused is entitled to a preliminary examination upon a charge of felony, we do not understand that he has a constitutional right to select the committing magistrate, or the charge upon which he shall be examined. As it does not appear that the writ demanded ought to issue, the same is denied.

Huston, C. J., concurs.

Sullivan, J., was not present at the hearing.