# CHARLESTON.

STATE *ex rel.* PETERS v. PINSON, MAYOR, *et als.*

Submitted June 15, 1915.   Decided June 22, 1915.

1. MUNICIPAL CORPORATIONS—*Officers—Tenure—Amendment of Charter.*
    An act of the legislature, to take effect ninety days from its passage, amending the charter of a city, and providing that "all persons holding office at the time of the passage of this act shall continue in office in the performance of their duties until the first day of July, one thousand nine hundred and fifteen," refers to those officers lawfully holding office at the time the act takes effect. (p. 573).

2. SAME.
    If, between the passage of such act and its taking effect, a city
    76 W. Va.

election is held pursuant to the provisions of its old charter, the officers then elected are entitled to hold, and not those in office at the time of the passage of the act. (p. 573).

3. STATUTES—*Construction*—"*At the Time of the Passage of this Act.*"
   The terms, "at the time of the passage of this act," used in an act of the legislature which does not take effect until ninety days after its passage, generally mean the time the act takes effect, and not the time when it is passed. (p. 573).

Original application for mandamus by the State, on relation of J. W. Peters, against one Pinson, Mayor, and others.

*Peremptory writ refused.*

*Burdette & White,* for petitioner.

*Vinson & Thompson, G. R. C. Wiles* and *Campbell, Brown & Davis,* for respondents.

*Wells Goodykoontz* and *John H. Holt,* amici curiæ.

WILLIAMS, JUDGE:

By an act passed February 8, 1915, to take effect in ninety days from its passage, the Legislature amended the charter of the City of Williamson. On the first Thursday of April, 1915, a city election was held under the old charter. Relator was then serving as councilman from the second ward of said city, having been elected at the next preceding election to serve for a biennial period beginning the 1st of May, 1913. At the 1915 election all the old officers were re-elected, except relator who was not a candidate, and respondent Nunemaker was elected in his stead, as councilman from the second ward, and is now serving as such. By this proceeding relator seeks to oust him and obtain possession of the office. The question to be decided is, which of the two claimants is justly entitled to the office at the present time. Relator claims it by virtue of the new charter, which did not go into effect until the 8th of May, 1915, eight days after the expiration of the term for which he was elected; and respondent claims it by virtue of his election on the first Thursday of April, 1915, under the provisions of the old charter, which he insists remained in force until the new one took effect. A decision of the issue calls for a construction of section 54 of the new charter, which

reads as follows: ''All persons holding office at the time of the passage of this act shall continue in office in the performance of their duties until the first day of July, one thousand nine hundred and fifteen, and until the appointment and qualification of the commissioners as provided for in section ten herein. When such appointment has been made and the appointee' shall have taken the oath of office, then the term of the officers acting for said city at the time of this act shall take effect, shall expire, on the thirtieth day of June, one thousand nine hundred and fifteen.''

Section 10, referred to, provides that the first election of officers under the new charter shall be held on the first Thursday in June, 1917; and makes it the duty of the Governor, on or before the first Thursday in June, 1915; to appoint five commissioners, not more than three of whom shall be of the same political party, whose terms of office shall begin on the 1st of July, 1915, and continue until the 30th of June, 1917, and until their successors are elected and qualified. Relator's counsel insist that the first clause of section 54 expressly continued him in office until the 1st day of July, 1915, because he was in office on the 8th of February, 1915, when the act was passed. The soundness of that contention, however, depends on what the Legislature intended by the use of the terms, ''at the time of the passage of this act.'' Did it thereby intend the time the act was passed, or the time when it was to take effect? Not having otherwise directed by a two-thirds vote, as the legislature might have done, the act did not take effect until ninety days after its passage. Sec. 30, Art. VI, Constitution. No purpose to supersede the election, provided by the old charter to be held on the first Thursday in April, 1915, is otherwise shown than by section 54; provided, however, the words ''at the time of the passage of this act,'' do inferentially indicate such purpose, which is not conceded. Unless those terms can be properly interpreted according to relator's contention, there is nothing in the new charter from which it can even be inferred that the city election, coming between the dates of the passage of the act and its taking effect, was superseded. The last clause of section 54, providing that ''the terms of the officers acting for said city at the time this act shall take effect, shall expire

on the thirtieth day of June, one thousand nine hundred and fifteen,'' seems to indicate that the legislature meant, by the terms ''passage of this act,'' the time when it was to take effect. However, the last clause harmonizes with either construction of the first clause. The old charter was in force when respondent was elected; and the purpose to abolish the election therein provided to be held on the first Thursday in April, 1915, is not clearly indicated in the new charter. In legal contemplation the terms, ''at the time of the passage of this act,'' in section 54 relate to the time when the act takes effect. This construction is supported both by reason and the weight of authorities. *Mills* v. *State Board of Osteopathic Registration and Examination,* 135 Mich. 525, 98 N. W. 19; *Schook* v. *Laufer,* (Tex. Civ. App.), 100 S. W. 1042; *State* v. *Bentley,* 8 Kan. 227, 101 Pac. 1073; *Harding* v. *The People,* 10 Colo. 387; *State* v. *Bemis,* 45 Neb. 724; *Rogers* v. *Vass,* 6 Io. 405; *Schneider* v. *Hussey,* 2 Idaho 12; *Matter of Howe, etc.,* 48 Hun. (N. Y.) 235.

The constitutionality of the provision in section 10, authorizing the Governor to appoint city commissioners to hold office until the 30th of June, 1917, is assailed on the ground that it contravenes the principle of local government. A determination of that constitutional question, however, is not essential to a decision of the issue here involved, and we express no opinion respecting it; in fact it would be improper to do so.

Respondent is clearly entitled to the office of councilman of the City of Williamson, until the 30th day of June, 1915. We express no opinion as to whether he will be entitled to it thereafter.

The peremptory writ is refused.

*Peremptory writ refused.*