BRAMLETT *v.* STATE.

Opinion delivered November 23, 1931.

*Jackson & Blackford,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

BUTLER, J. An indictment was returned against Jeff Bramlett by the grand jury of Randolph County charging him with the crime of manslaughter, committed as follows: ''The said Jeff Bramlett in the county and State aforesaid, on or about the 9th day of August, A. D., 1930, unlawfully, wilfully and feloniously did kill one Cecil Mitchell by striking and beating him, the said Cecil Mitchell, and from the effects of said striking and beating him, the said Cecil Mitchell did die on the 9th day of August, 1930,'' etc. To this indictment the defendant interposed a general and special demurrer, which was overruled. The defendant was duly arraigned, tried and convicted of the crime of involuntary manslaughter, and sentenced to six months' imprisonment in the State penitentiary. From that judgment is this appeal.

The demurrer to the indictment challenged its sufficiency because it did not state the manner in which the deceased was killed or the instrument or thing with which he might have been struck or beaten from the effects of which he later died. The case of *Ray v. State,* 102 Ark. 594, 145 S. W. 881, and the cases therein cited are relied on by the appellant to sustain the objection urged to the indictment in the instant case. In the Ray case the rule is laid down that an indictment must con-

tain such a description of the facts and circumstances as to constitute the offense charged so that the person accused may be informed of the specific charge which he is called upon to answer, and the court and jury the issue they are to try. The indictment before the court in that case charged that the killing was done with a certain gun "loaded with powder and leaden bullets and shot." Applying the rule to this language, the court held that it was defective because it did not allege the manner of the killing, whether he was shot with the loaded gun or killed by its use in some other manner.

We have held that where the indictment alleges that the deceased came to his death at the hands of defendant in some manner and by the use of weapons to the jury unknown, this allegation is regarded as sufficient. If information contained in allegations of that nature is sufficient, it is difficult to perceive how the indictment in the instant case is defective. Formerly great particularity was required in setting forth the manner of the death of the deceased and the means by which death was inflicted, but it is the modern tendency of courts to relax the rigidity of requirements in indictments, and the particular circumstances of the offense, under the modern practice and our statutes need not be charged unless they are necessary to constitute a complete offense (§ 3012, Crawford & Moses' Digest) ; and where the act charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment of conviction, the indictment is sufficient. Section 3013 Crawford & Moses' Digest.

As suggested by the Assistant Attorney General, the indictments in the Ray case, supra, and in the cases there cited, which were held to be defective, did not indicate the manner of the killing. In those indictments the instruments used were named, but the fault lay in failing to indicate in what manner such instruments were used as they might have produced death in being used in more than one way. This seems to be the reason for the support of those decisions. In the instant case, however, no instrument is named. but the manner in which death

was inflicted is alleged with sufficient certainty, *i. e.*, "by striking and beating him the said Cecil Mitchell from the effects of such striking and beating him the said Cecil Mitchell did die." No case of our own court has been cited directly in point, but in sustaining our view that the indictment was sufficient we refer with approval to Joyce on Indictments, (2d ed., § 360, p. 395); *Marquez* v. *Territory*, 13 Ariz. 135, 108 Pac. 258; *State* v. *Nielson*, 38 Mont. 451, 100 Pac. 229; *People* v. *Hyndman*, 99 Cal. 3, 33 Pac. 782, cited by appellee.

■ A witness, Otis Spencer, testified as to a conversation he had with the deceased which was admitted over the objection of the appellant as a dying declaration. It is urged that because the witness who testified to the declaration would not testify that the deceased was conscious of his language at the time the declaration was made, the testimony was incompetent, and because, after stating who gave him the beating from which he stated he was dying, he used the expression, "To Hell with you," which, it is argued, clearly indicated that the deceased was not conscious of impending death. Whether or not he was conscious and the language used during the making of his declaration was for the jury to consider in testing the weight of the testimony. He was in fact in a dying condition for death occurred shortly after the conversation detailed by the witness. It is evident that he knew of his condition because he said so, and expressed the desire to see his wife and baby once more. In the late case of *Goynes* v. *State, ante* p. 303, we said: "It was not the duty of the State to show that the deceased was rational, but the evidence in this case does not tend to show that he was not rational, and whether the deceased was of sound mind when he made the statement was a question of the credibility, rather than the admissibility, of the declaration." See *Sanderlin* v. *State,* 176 Ark. 217, 2 S. W. (2d) 11; *Adcock* v. *State,* 179 Ark. 1055, 20 S. W. (2d) 120.

■ It is lastly insisted that the court erred in instructing the jury on the law of self-defense on its own

motion because that plea was not made by the defendant. Defendant entered his general plea of not guilty, and, as the evidence tended to show that the deceased was the aggressor in the fight resulting in the death of the deceased, it was not improper to instruct the jury upon the law of self-defense. Certainly, the defendant could not have been prejudiced by such instruction. Defendant argues that he himself requested an instruction on the law of self-defense, whereas the instructions given by the court were abstract and misleading. We deem it unnecessary to set out these instructions, for it is clear to us that the instructions given by the court correctly stated the law, and, assuming that the instruction asked by the defendant was a correct declaration, the court was not obliged to give it, having already covered that phase of the case by the instructions given.

The testimony, which is uncontradicted, is to the effect that the defendant and the deceased were drunk, and while in this condition engaged in a fight. Thereafter the deceased was found in a bruised and bloody condition, and died within a short time following. An examination of the body resulted in the discovery that deceased's skull was fractured above the ear, several teeth knocked out and his jaw broken. We deem it unnecessary to set out the testimony in detail, as we are of the opinion that, considering it in the light most favorable to the appellant, it abundantly justified the verdict of the jury.

Affirmed.