It is useless and undesirable as a rule to express one's dissenting views. However, in the instant case, I feel bound to do so, limiting my views to that portion of the majority opinion overruling what has been the unquestioned, settled law in this jurisdiction since 1917. I will also call attention to the earlier decisions during territorial days and down to the case of State v. Lundhigh, 30 Idaho 365, 370, 164 P. 690. The majority opinion not only overrules the settled law of this jurisdiction, but disregards the great weight of authority from other jurisdictions where the same question has arisen under like or similar statutes.
The first question discussed at some length in the majority opinion is directed against the sufficiency of the information, a demurrer thereto having been interposed and overruled in the trial court. The contention is made that the information is insufficient for the reason "that the information did not set out the means by which and the manner in which the death charged was accomplished." The information alleges inter alia:
"That on or about, to-wit: the 4th day of February, 1936, at the County of Nez Perce in the State of Idaho, the aforesaid W.F. McMAHAN then and there being committed the crime of manslaughter who then and there did wilfully, unlawfully and feloniously kill one Stella Fleischman, a human being, contrary to the form of the statute in such case made and provided."
Manslaughter is defined by I. C. A., sec. 17-1106, as follows:
"Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:
1. Voluntary — upon a sudden quarrel or heat of passion.
2. Involuntary — in the perpetration of or attempt to perpetrate any unlawful act, other than arson, rape, robbery burglary, or mayhem, or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."
It will be observed that the allegations of the information are substantially in the language of the statute defining the offense.
I. C. A., sec. 19-1307, provides: *Page 260 
"All the forms of a pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this code."
I. C. A., sec. 19-1317, provides:
Words used in a statute to define a public offense need not be strictly pursued in the indictment (or information); but other words conveying the same meaning may be used."
I. C. A., sec. 19-1319, recites that:
"No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits."
I. C. A., sec. 19-1309, provides that the indictment or information must contain:
". . . .
1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties.
2. A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."
I. C. A., sec. 19-1311, provides that the information or indictment must be direct and certain as it regards:
". . . .
"1 The party charged.
"2. The offense charged.
"3. The particular circumstances of the offense charged,when they are necessary to constitute a complete offense." (Italics inserted.)
The history of the enactment of the statutes above referred to is set out in the majority opinion, it being there stated that:
"Our statutory provisions relative to indictments and informations were copied in 1864, by the Idaho territorial legislature from the laws of California which were enacted in that state in 1851."
This statement has been made by this court upon numerous occasions and is correct. I take issue, however, with the following statement in the majority opinion: *Page 261 
"During territorial days, and for a period of many years of statehood, the plain mandates of these statutory provisions were obeyed by the courts, and it was the uniform practice inIdaho, in homicide cases, to state in indictments andinformations the means by which, and the manner in which, thedeath charged was accomplished."
An examination of Idaho cases, beginning with United Statesv. Mays, 1 Idaho 763, down to and including State v. Hall,25 Idaho 107, 135 P. 1163,[1] discloses clearly that it was not the uniform practice in Idaho in homicide cases to state in indictments and informations the means by which, and the manner in which, the death charged was accomplished. In some of the cases, the requirement was upheld; in others it was not. In a greater number of cases it is impossible to ascertain whether the information alleged "the means by which, and the manner in which, the death charged was accomplished."
In People v. Butler, 1 Idaho 231, it was held that:
" 'An indictment is sufficient in substance if it describes the offense charged in the language of the statute by which it is created or defined.' (People v. White, 34 Cal. 183.)
"Indictments in matters of averment are sufficient if they *Page 262 
allege all the acts or facts which have been used by the legislature in defining the particular offense charged. (People v. Cronin, 34 Cal. 191.)"
By this decision, the rule of People v. Cronin, 34 Cal. 191, which established the law of California, upholding the short form of information, was adopted into our practice. The Butter case was cited and followed in State v. O'Neil, 24 Idaho 582,135 P. 60.
In People v. Ah Choy, 1 Idaho 317, it appears the indictment for murder was substantially in the language of the statute, and the court upheld it.
In State v. Ellington, 4 Idaho 529, 43 P. 60, manner and means appear at length, but a liberal rule from which it appears inferable that such allegations are not necessary is set forth. This case overruled People v. O'Callaghan, 2 Idaho 156,9 P. 414, on its adherence to rigid technicality.
In State v. Keller, 8 Idaho 699, 70 P. 1051, the wording of the information does not appear, but the court applied the rule of People v. Butler, supra, and State v. Ellington, supra, and it appears inferable that the indictment was in the express words of the statute. *Page 263 
In People v. Ah Hop, 1 Idaho 698, the court recites that the indictment charged that "defendants feloniously, wilfully, deliberately and with premeditation killed one John McGuivers." No recitation of manner or means appears to have been made. It was further held that "this court will give judgment without regard to technical defects, which do not affect substantial rights."
In People v. Walter, 1 Idaho 386, 387, the court recites the indictment to be as follows:
"the defendant on the 15th day of Sept., 1870, at Nez Perce County, feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought did make an assault, etc. upon one Joseph Yotes, and him, the said Joseph Yotes, did feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought did kill and murder."
In State v. Rathbone, 8 Idaho 161, 67 P. 186, the charge was grand larceny, but the court went into detail into the sufficiency of the charge as to the allegations of fact, and made particular reference to the crime of murder, holding that *Page 264 
use of the exact words of the statute is enough to properly charge the crime.
In State v. Collett, 9 Idaho 608, 75 P. 271, the charge was grand larceny in the language of the statute.
In State v. Shuff, 9 Idaho 115, 72 P. 664, the information charged means and manner and was challenged. The court gave consideration to the requirements of informations charging murder, and held that a charge of murder in the language of the statute is sufficient. Reference is made in the opinion toPeople v. Ah Choy, 1 Idaho 317, supra.
In State v. Sly, 11 Idaho 110, 80 P. 1125, elaborate examination of the rule of pleading in charges of murder was made, and a charge of murder using the words of the statute upheld as against the contention that it is necessary to allege the manner and means. The charge in that case, however, did make some attempt at a statement of both manner and means, but was, as said by Justice Ailshie, undoubtedly defective as tested by the common-law rule. In this case the earlier Idaho cases are reviewed and the California cases as well. This case is instructive and valuable in that it points out the ruling of the earlier California cases, holding that it was necessary to set out the manner and means, and the later California cases abandoning the rule. In the course of that opinion it is stated:
"The sufficiency of the indictment is not to be tested by the rules of common law, but by the requirements of the criminal practice act of the state. That act provides that the particular circumstances need not be stated unless they are necessary to constitute the offense charged. Murder is the unlawful killing of a human being, with malice aforethought, and certainly the means by which the killing is accomplished can never become material in ascertaining the offense charged. . . . . We do not find this court citing the Aro case [6 Cal. 207, 65 Am. Dec. 503] and other cases following the rule there announced in any instance; but on the other hand, we find as early as People v. Butler, 1 Idaho 231, the court announcing that a description of the offense in the language of the statute is sufficient. . . . .
"It is clear to our minds from the foregoing authorities that it has never been the intention of this court since its organization *Page 265 
under the territorial government to the present time, to follow the doctrine laid down in the Aro and other early California cases in passing upon the sufficiency of an indictment or information. . . . . And when the prosecutor charged that the defendant did 'kill and murder one John H. Hays,' the defendant had clear and specific notice of the offense with which he was charged. 'The allegation that the defendant killed the deceased,' says Anders, C.J., in State v. Day, 4 Wn. 104,29 Pac. 984, 'is certainly an averment that the latter died.' We think the information in this case is sufficient to charge the defendant with the crime of murder and we so hold."
The means used to commit murder is not of the essential legal elements of that crime, although the means used to cause death, and the manner of their use, may be evidence tending to show that the crime of murder has been committed. These are ultimate facts to be proven, and were not such particular circumstances of the offense charged as were necessary to be alleged in order to constitute a complete offense.
In State v. Smith, 25 Idaho 541., 138 P. 1107, February 7, 1914, written by Justice Ailshie, it is held that an indictment or information is insufficient unless it alleges "how, or in what manner, or by what means, the appellant committed the crime of manslaughter."
In 1917, in State v. Lundhigh, 30 Idaho 365, 164 P. 690, opinion written by the then Justice John C. Rice, State v.Smith, supra, was expressly overruled. In the Lundhigh case it was held that an indictment or information was sufficient if it charged the offense in the language of the statute, and the means by which, and the manner in which, the crime was accomplished were evidentiary facts.
The rule announced in the Lundhigh case has been followed as the settled law in this jurisdiction since its rendition in 1917, as will appear from the following cases: State v. Askew,32 Idaho 456, 184 P. 473; State v. Arnold, 39 Idaho 589,229 Pac. 748; State v. Caviness, 40 Idaho 500, 235 P. 890; Statev. Boykin, 40 Idaho 536, 234 P. 157; State v.Muguerza, 46 Idaho 456, 268 P. 1; State v. Gee, 48 Idaho 688,284 P. 845; State v. Brooks, 49 Idaho 404, 288 P. 894; Statev. Bush, 50 Idaho 166, 295 P. 432; State v. McClurg, 50 Idaho 762,
 *Page 266 300 Pac. 898; State v. Frank, 51 Idaho 21, 1 P.2d 181; State v.Monteith, 53 Idaho 30, 20 P.2d 1023.
The provisions of subdivision 3, I. C. A., section 19-1311, providing that indictments or informations must be direct and certain as it regards the particular circumstances of the offense charged, when they are necessary to constitute acomplete offense, is not out of harmony with the rule heretofore announced and followed by this court, that an indictment or information is sufficient if it substantially follows the language of the statute stating the offense. The provisions of the foregoing statute provide for the statement of the particular circumstances or a statement of the means by which, or the manner in which, the crime was accomplished, only when they are necessary to constitute a complete offense, such as in the case of a crime not included in or defined by statute. The rule adopted by this court simply means that when the statute defines or describes the act which constitutes a particular offense, the indictment or information is sufficient if it describes the offense in the language employed in the statutory definition. Manslaughter is not one of the offenses which requires or makes necessary that the particular circumstances of the offense be alleged. The statute itself sets out the acts constituting the offense and if the information follows the language of the statute it is sufficient,
The rule announced in State v. Lundhigh, supra, finds support in the cases from other jurisdictions.[2]
In the latest pronouncement of the California court,People v. Herbert, 6 Cal. (2d) 541, 58 P.2d 909, the following language is used: *Page 267 
"The ingredient of manslaughter is that a human life was unlawfully taken. . . . . The statute defining it is general, it makes no difference as to particular means or method by which it is committed if death ensued from the commission of an unlawful act not amounting to a felony, or from the commission of a lawful act which might produce death, in an unlawful manner, or the commission of a lawful act without due caution and circumspection. (Sec. 192, Penal Code.) The manner of its commission need not be pleaded."
For an instructive case see State v. Roy, 40 N.M. 397,60 P.2d 646.
The appellant was denied no substantial right by the failure of the indictment to set out the means by which and the manner in which the death charged was accomplished, since a preliminary examination was had and held before a committing magistrate which furnished the appellant sufficient information as to the means by which and the manner in which the death charged was accomplished. In State v. Gee, 48 Idaho 688,284 Pac. 845, it is said:
"And in any event, if defendant was not sufficiently informed by the terms of the information as to the charge he was required to meet, in a proper case he might demand a bill of particulars. While the right to do so is not recognized by our statute, this court has held that a defendant would be entitled to such a bill in the sound discretion of the trial court."
(See, also, State v. Rathbone, 8 Idaho 161, 67 P. 186; Statev. O'Neil, 24 Idaho 582, 135 P. 60.)
Appellant is in no position to complain of the action of the court in denying his demand that he be furnished with a bill of particulars, in view of the fact that a preliminary examination *Page 268 
had been held. He made no application for a continuance upon the ground of surprise due to the nature or character of the evidence introduced by the state. Murder may be committed by so many different means and in so many different ways that would be unknown to the prosecutor that to hold otherwise and require the state to allege the manner and means might well result in defeating justice.
In State v. Ellington, supra, the late Justice Huston used the following language:
"It must be admitted we think, that a disposition on the part of some of our courts to give a strained latitude to technicalities in behalf of persons accused of crime has not only tended to make our courts, in the administration of the criminal law, an arena for the exhibition of professional acuteness and agility, but make us obnoxious to the charge of Lord Hale (2 Hale's Pleas of the Crown, 193); 'More offenders escape by the overeasy ear given to exceptions in indictments than by their own innocence, and many times gross murders, burglaries, robberies and other heinous and crying offenses escape by these unseemly niceties, to the reproach of the law, to the shame of the government and to the encouragement of villainy, and to the dishonor of God.' "
Criminal pleading should be liberalized, rather than restricted, to the end that justice be expeditiously administered and crime minimized. Justification may be found in the charge laid against the courts by reason of adherence to the strict rules of the common law. No possible prejudice to the substantial rights of the appellant can be logically urged due to the failure of the information to allege the means by which, and the manner in which, the killing was accomplished. Serious consequences may well follow the rule announced in the majority opinion. The judgment in this case has been reversed not only for the reason that the information failed to state the manner and means, but upon other grounds, and as to the other grounds I express no opinion.
[1] United States v. Mays, 1 Idaho 763 (769); People v. Butler,1 Idaho 231; People v. Walters, 1 Idaho 271; People v. Ah Choy,1 Idaho 317; People v. Ah Hop, 1 Idaho 698; People v.Cozad, 1 Idaho 167; People v. Dunn, 1 Idaho 74; People v.O'Conner, 1 Idaho 759; People v. Stock, 1 Idaho 218; People v.Walter, 1 Idaho 386; People v. O'Callaghan, 2 Idaho 156,9 Pac. 414; Territory v. Evans, 2 Idaho 425, 17 P. 139;People v. Ah Too, 2 Idaho 44, 3 P. 10; People v. Armstrong,2 Idaho 298, 13 P. 342; People v. Bernard, 2 Idaho 193,10 Pac. 30; People v. Biles, 2 Idaho 114, 6 P. 120; People v. Dewey,2 Idaho 83, 6 P. 103; People v. Kuok Wah Choi, 2 Idaho 90,6 Pac. 112; People v. McDonald, 2 Idaho 10, 1 P. 345; People v.Mooney, 2 Idaho 17, 2 P. 876; People v. Pierson, 2 Idaho 76,3 Pac. 688; People v. Woods, 2 Idaho 364, 16 P. 551; People v.Williams, 2 Idaho 366, 16 P. 552; Territory v. Guthrie, 2 Idaho 432,17 P. 39; Territory v. Staples, 3 Idaho 35, 26 P. 166;State v. O'Brien, 3 Idaho 374, 29 P. 38; State v. Reed, 3 Idaho 554,32 P. 202; State v. Collins, 4 Idaho 184, 38 P. 38;State v. Ellington, 4 Idaho 529, 43 P. 60; State v. Godard,4 Idaho 750, 44 P. 643; State v. Hardy, 4 Idaho 478, 42 P. 507;State v. Hendel, 4 Idaho 88, 35 P. 836; State v. Hurst, 4 Idaho 345,39 P. 554; State v. Perry, 4 Idaho 224, 38 P. 655;State v. Schieler, 4 Idaho 120, 37 P. 272; State v. Crump,5 Idaho 166, 47 P. 814; State v. Gordon, 5 Idaho 297,48 Pac. 1061; State v. Larkins, 5 Idaho 200, 47 P. 945; Statev. Smith, 5 Idaho 291, 48 P. 1060; State v. Davis, 6 Idaho 159,53 P. 678; State v. St. Clair, 6 Idaho 109, 53 P. 1; In reDavis, 6 Idaho 766, 59 P. 544; In re Moragne, 6 Idaho 82,53 Pac. 3; State v. Alcorn, 7 Idaho 599, 64 P. 1014, 97 Am. St. 252; State v. Davis, 7 Idaho 776, 65 P. 429; In re Alcorn,7 Idaho 101, 60 P. 561; State v. Corcoran, 7 Idaho 220,61 Pac. 1034; State v. Dixon, 7 Idaho 518, 63 P. 801; State v. Dupuis,7 Idaho 614, 65 P. 65; State v. Lyons, 7 Idaho 530,64 Pac. 236; State v. Murphy, 7 Idaho 183, 61 P. 462; State v. Rice,7 Idaho 762, 66 P. 87; State v. Rigley, 7 Idaho 292, 62 P. 679;State v. Taylor, 7 Idaho 134, 61 P. 288; State v. Watkins,7 Idaho 35, 59 P. 1106; State v. White, 7 Idaho 150, 61 P. 517;State v. Yee Wee, 7 Idaho 188, 61 P. 588; In re Green, 7 Idaho 94,60 P. 82; State v. Davis, 8 Idaho 115, 66 P. 932; Statev. Gilbert, 8 Idaho 346, 69 P. 62, 1 Ann. Cas. 280; State v.Keller, 8 Idaho 699, 70 P. 1051; State v. McGann, 8 Idaho 40,66 P. 823; State v. Wilmbusse, 8 Idaho 608, 70 P. 849;State v. Bland, 9 Idaho 796, 76 P. 780; State v. Rathbone,8 Idaho 161, 67 P. 186; State v. Riggs, 8 Idaho 630, 70 P. 947;In re Levy, 8 Idaho 53, 66 P. 806; State v. Collett, 9 Idaho 608,75 P. 271; State v. Levy, 9 Idaho 483, 75 P. 227;State v. Shuff, 9 Idaho 115, 72 P. 664; State v. Crea, 10 Idaho 88,76 P. 1013; In re Sly, 9 Idaho 779, 76 P. 766; State v.Rooke, 10 Idaho 388, 79 P. 82; State v. Harness, 11 Idaho 122,80 P. 1129; State v. Sly, 11 Idaho 110, 80 P. 1125; State v.Wetter, 11 Idaho 433, 83 P. 341; State v. Bond, 12 Idaho 424,86 P. 43; State v. McGinnis, 12 Idaho 336, 85 P. 1089; In reSquires, 13 Idaho 624, 92 P. 754; State v. Barber, 13 Idaho 65,88 P. 418; State v. Phinney, 13 Idaho 307, 89 P. 634, 12 Ann. Cas. 1079, 12 L.R.A., N.S., 935; State v. Zarlenga,14 Idaho 305, 94 P. 55; State v. Squires, 15 Idaho 327,97 Pac. 411; State v. Fleming, 17 Idaho 471, 106 P. 305; State v.Marren, 17 Idaho 766, 107 P. 993; State v. McGreevey, 17 Idaho 453,105 P. 1047; In re Heigho, 18 Idaho 566, 110 P. 1029, Ann. Cas. 1912A, 138, 32 L.R.A., N.S., 877; State v.Lockhart, 18 Idaho 730, 111 P. 853; State v. Gruber, 19 Idaho 692,115 P. 1; State v. Allen, 20 Idaho 263, 117 P. 849;State v. Moon, 20 Idaho 202, 203, 117 P. 757, Ann. Cas. 1913A, 724; State v. Yturaspe, 22 Idaho 360, 125 P. 802; State v.Allen, 23 Idaho 772, 131 P. 1112; State v. Fondren, 24 Idaho 663,135 P. 265; State v. O'Neil, 24 Idaho 582, 135 P. 60;State v. Willis, 24 Idaho 252, 132 P. 962; State v.Grigg, 25 Idaho 405, 137 P. 371, 138 P. 506; State v. Hall,25 Idaho 107, 135 P. 1163; State v. Smith, 25 Idaho 541, 138 Pac. 1107.
[2] California: People v. Cronin, 34 Cal. 191; People v. Weaver,47 Cal. 106; People v. King, 27 Cal. 507, 87 Am. Dec. 95;People v. Herbert, 6 Cal. (2d) 541, 58 P.2d 909. Arizona:Molina v. Territory, 12 Ariz. 14, 95 P. 102; Macias v. State,39 Ariz. 303, 6 P.2d 423; Collins v. State, 37 Ariz. 353,294 P. 625; Asbill v. State, 19 Ariz. 499, 172 P. 658;Shaughnessy v. State, 43 Ariz. 445, 32 P.2d 337; Marquezv. State, 13 Ariz. 135, 108 P. 258; Guiterrez v.State, 44 Ariz. 114, 34 P.2d 395; Arkansas: Bramlett v.State, 184 Ark. 808, 43 S.W.2d 364; Bowie v. State,185 Ark. 834, 49 S.W.2d 1049, 83 A.L.R. 426; State v. Delong,89 Ark. 391, 117 S.W. 524. New Mexico: State v. Roy, 40 N.M. 397,60 P.2d 646. Montana: State v. Nielson, 38 Mont. 451,100 Pac. 229; State v. Louie Won, 76 Mont. 509, 248 P. 201; Statev. Gondeiro, 82 Mont. 530, 268 P. 507; Nevada: State v.McLane, 15 Nev. 345. Virginia: Hurd v. Commonwealth, 159 Va. 880,885, 165 S.E. 536; Bausell v. Commonwealth, 165 Va. 669,181 S.E. 453, 459. Colorado: Ryan v. People, 50 Colo. 102,114 Pac. 306, Ann. Cas. 1912B, 1232. Texas: Jessie v. State,126 Tex. Cr. 250, 70 S.W.2d 743. Alabama: Gaines v. State,146 Ala. 16, 41 So. 865. Maine: State v. Morrissey, 70 Me. 401. Michigan: People v. Roberts, 211 Mich. 187, 178 N.W. 690, 13 A.L.R. 1253.